UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN SPIEHS,

    Plaintiff,

v.                                                    Case No. 24-4005-JAR-BGS

JAY ARMBRISTER, *et al.*,

    Defendants.

## MEMORANDUM AND ORDER
## GRANTING MOTION TO CORRECT MISNOMER

NOW BEFORE THE COURT is Plaintiff's "Motion to Correct Misnomer and Motion for Leave to Amend in the Alternative" in which Plaintiff requests leave to have the Defendant identified in the Amended Complaint as "Douglas County Commissioners, as policymaking entity, for Douglas County, Kansas pursuant to K.S.A. § 19-101" changed to "Douglas County, Kansas Board of County Commissioners." (Doc. 29, at 1.) Defendants Jameson D. Shew[1] (hereinafter "Shew"), and Shannon Portillo, Shannon Reid, Patrick Kelly, and Karen Willey (hereinafter collectively referred to as "Commission Defendants"), oppose the motion, arguing that Plaintiff should not be allowed to "thumb his nose at the rules of civil procedure" to correct the deficiencies in his pleadings. (Doc. 36, at 1.) After review of the parties' submissions, the Court **GRANTS** Plaintiff's motion (Doc. 29).

## BACKGROUND

Plaintiff, who is a self-described community activist in the Lawrence, Kansas community, filed this lawsuit on January 16, 2024, alleging violations of his civil rights under the First, Fourth, and Fourteenth Amendments, and the Civil Rights Act of 1871, 42 U.S.C.§ 1983. (Docs. 1, 17.)

---

[1] In the Amended Complaint, Defendant Jameson D. Shew was named "in this official capacity as the County Clerk/County Election Official for Douglas County, Kansas pursuant to K.S.A. §19-301."

1

More specifically, he alleges violations of his right to free speech, right to petition the government for redress, and his right to equal protection of the law relating to Douglas County Commission meetings, discourse on COVID mask mandates, and his allegedly improper arrest. (*See generally, id.*)

Shew and the Commission Defendants filed a Motion to Dismiss Plaintiff's initial Complaint on February 26, 2024. (Doc. 15.) Therein, they argued that Plaintiff's official capacity claim against Defendant Shew fails to state a claim because the Complaint "purports" to bring this claim "for a position that does not exist and to which [Shew] does not hold." (Doc. 16, at 5.) They also argued that the claims against them are barred by qualified immunity (*id.*, at 6-17) and that Plaintiff fails to state a claim for declaratory or injunctive relief (*id.*, at 17- 22). The District Court found this motion to be moot (Doc. 18, text Order) after Plaintiff filed his Amended Complaint on February 29, 2024 (Doc. 17).

That Amended Complaint changed the name of Defendant Shew from "Jameson D. Shew, in his official capacity as the Clerk of the County Commission of County Commissioners of Douglas County, Kansas" (Doc. 1) to "Jameson D. Shew, in his official capacity as the County Clerk/County Election Official for Douglas County, Kansas pursuant to K.S.A. § 19-301." (Doc. 17.) The Amended Complaint also added two new Defendants – a "Sarah Plinsky, in her individual capacity as Administrator for Douglas County, Kansas" and "Douglas County Commissioners, as policymaking entity, for Douglas County, Kansas pursuant to K.S.A. § 19-101 *et seq.*" (Doc. 17.)

Thereafter, Shew and the Commission Defendants filed a second Motion to Dismiss on March 14, 2024 (Doc. 25). In this dispositive motion, which is currently pending before the District Court, they argue, in part, that "Plaintiff failed properly serve Defendant Shew and fails to set forth facts that support any claim against Defendant Shew." (Doc. 26, at 1.) More specifically, they argue

> Plaintiff's amended complaint purports to bring a claim against Defendant Shew in his official capacity, however, Plaintiff's defective service deprives the Court of personal jurisdiction over Defendant Shew. Plaintiff issued a Summons to: 'Clerk of the County

2

> Commission of County Commissioners of Douglas County, Kansas' who does not exist. It is Plaintiff's burden to show the validity of service to all named parties, and because Plaintiff has not shown that Defendant Shew has been properly served with process Defendant Shew must be dismissed pursuant to Fed, R. Civ. P. 12(b)(5).

(Doc. 26, at 5 (citation omitted).) Shew and the Commission Defendants continue that

> Defendant Shew is only referenced in 1 out of the 292-paragraph amended complaint, which simply provides Defendant Shew's title and states he is 'sued in his official capacity for Douglas County.' Doc. 17, ¶ 8. *While service of process to a County can be made by serving the county clerk, suit cannot be brought against a County by suing the County Clerk 'in his official capacity.'* The amended complaint is devoid of any actual facts that provide what, if any, action was undertaken by Defendant Shew in his official capacity that would state a claim against him. Failure to plead facts to show Plaintiff is in any way entitled to relief against Defendant Shew requires dismissal.

(*Id.*, at 6.) (emphasis added).) They also note that "[a]s of the date of this motion, … the Douglas County Commissioners [as policymaking entity, for Douglas County, Kansas pursuant to K.S.A. § 19-101 *et seq* ] have not been served with process." (*Id.*, at n.1.)

After this dispositive motion was filed, in an attempt to rectify the alleged procedural defect that Douglas County, Kansas, was not properly named as a party defendant, Plaintiff's counsel requested opposing counsel's consent to change of the name of the Defendant at issue to Douglas County Kansas Board of County Commissioners; defense counsel is alleged to have refused to provide such consent. (Doc. 38, at 1.) Plaintiff summarizes the position of Defendant Shew and the Commission Defendants as contending that service has not been effectuated on the Board of County Commissioners for Douglas County "even though defendant Shew was sued in his official capacity as agent for the Douglas County Board of Commissioners and has filed a motion to dismiss." (Doc. 29, at 1 (referencing Shew and the Commission Defendants' Motion to Dismiss (Doc. 26, n.1).) According to Plaintiff, "[w]hile it is unmistakably clear that the [']Douglas County, Kansas Board of County Commissioners' is the policymaking entity for Douglas County Kansas pursuant to K.S.A. 19-101, counsel for defendant Shew asserts that this nomenclature is insufficient

3

to name the Douglas County Kansas Board of County Commissioners." (Doc. 29, at 1-2.) Plaintiff continues that the Douglas County Kansas Board of County Commissioners "cannot be prejudiced as it clearly is the policymaking entity of Douglas County under K.S.A. 19-101."

In response to the present motion, however, Shew and the Commission Defendants explain that Defendant Shew moved for dismissal, "in part, because the Court does not have personal jurisdiction over him based on insufficient process pursuant to Fed. R. Civ. P. 12(b)(5) because the Summons issued and served to Defendant Shew was for a position/person that does not exist." (Doc. 36, at 3 (referencing Doc. 26, at 5).) They continue that Defendant Shew "further addressed Plaintiff's presumption that service of process to the County Clerk equated to properly naming Douglas County, Kansas as a party defendant. (*Id.* (referencing Doc. 26, at 6).) They contend that Plaintiff seeks relief from the Court after "[r]ecognizing [these] ongoing pleading deficiencies … ." (*Id.*)

On March 18, 2024, Plaintiff filed the present "Motion to Correct Misnomer." (Doc. 29.) Therein, Plaintiff is formally requesting that he be allowed to change the Defendant's name from "Douglas County Commissioners, as policymaking entity, for Douglas County, Kansas pursuant to K.S.A. § 19-101" (as contained in the Amended Complaint) to "Douglas County, Kansas Board of County Commissioners"[2] in an attempt to correct the alleged pleading deficiencies. (*See generally id.*)

## **ANALYSIS**

---

[2] Shew and the Commission Defendants point out that Plaintiff's motion does not comply with District of Kansas Local Rule15.1(a), which requires a movant to: (1) set forth a concise statement of the amendment or leave sought; (2) attach the proposed pleading; and (3) attach a redlined version of the proposed amendment that shows all proposed changes to the pleadings. Plaintiff's motion did not include the attached proposed pleading and redlined version as required by (2) and (3). (*See* Doc. 29.) Plaintiff rectified this omission with the filing of his reply brief. (*See* Doc. 38 and attachments.) The Court instructs Plaintiff to be cognizant of this local rule going forward as failure to comply with the initial filing is grounds for the Court to deny a motion to amend.

Plaintiff argues that the requested name change can be done pursuant to Fed. R. Civ. P. 60(a) or through Rule 15.  The Court will discuss the applicability of each rule in turn.[3]

**A.      Rule 60.**

Rule 60 governs relief from a judgment or order.  Subsection (a) of that Rule deals with "corrections based on clerical mistakes; oversights and omissions."  It states in relevant part that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice."  Fed. R. Civ. P. 60(a).  In effect, Plaintiff is arguing that he made a clerical mistake or an oversight on mislabeling this Defendant in his pleading and the court should take leave to correct the mistake.

In support of his argument, Plaintiff cites a Second Circuit opinion, which notes that in that Circuit, "in appropriate circumstances, a district court may employ this Rule to correct misnomers in a party's name."  *Robinson v. Sanctuary Music*, 383 F. App'x 54, 57 (2d Cir. 2010) (citation omitted).  Even assuming this case provided precedential authority in the District of Kansas or the Tenth Circuit, this Court has determined that Rule 60 is not applicable to the present situation wherein Plaintiff mistakenly identified one of the Defendants in his Complaint.

"Rule 60(a) empowers the Court to <u>correct a clerical ambiguity in its Judgment and Orders</u>."  *U.S. ex rel. Belt Con Const., Inc. v. Metric Const., Inc.*, 2010 WL 1405993, at *8 (D. N.M. March 22, 2010)

---

[3] In his reply brief, Plaintiff argues for the first time the application of Fed. R. Civ. P. 21. "Rule 21 states in relevant part that 'parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.'  The name 'Douglas County Kansas Board of County Commissioners' can be added under that authority."  (Doc. 38, at 2.)  "Unfortunately, by not making this argument in his opening brief, Plaintiff has waived the argument."  *Davis v. Ethicon*, No. 20-2635-HLT-KGG, 2021 WL 4263490, *3 (D. Kan. Sept. 20, 2021).  "The general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief."  *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) (quotations and citation omitted); see also *Clark v. City of Shawnee, Kansas*, No. 15-4965-SAC, 2017 WL 698499, at *1 (D. Kan. 2017) (applying *Reedy* to district courts).  The Court will, therefore, not consider Rule 21 as a basis to grant Plaintiff's motion.

(emphasis added) (citing Fed.R.Civ.P. 60(a)).  The Commission Defendants argue that "[t]here is no order or judgment that needs to be amended or corrected and Rule 60(a) has no application when a party, like the plaintiff, does not actually name the correct party in the lawsuit."  (Doc. 36, at 4.)  The Court agrees.  Plaintiff is seeking to correct his own caption or named Defendants, not a court judgment or order.

Further, "Rule 60(a) may not be used to change something that was deliberately done, … even though it was later discovered to be wrong."  *McNickle v. Bankers Life and Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989) (citing *Security Mut. Casualty Co. v. Century Casualty Co.*, 621 F.2d 1062, 1065 (10th Cir.1980) and *Allied Materials Corp. v. Superior Prods. Co.*, 620 F.2d 224, 226 (10th Cir.1980)).  *See also Doran Law Office v. Stonehouse Rentals, Inc.*, No. 14-2046-JAR-KGG, 2020 WL 707980, at *2 (D. Kan. Feb. 12, 2020) (citation omitted).  It is uncontested that Plaintiff made the conscious and deliberate choice to name Defendant as he did in the Amended Complaint.  Because Rule 60 does not apply to the situation herein, the Court will turn to analysis under Fed. R. Civ. P. 15.

**B.      Rule 15.**

In the alternative, Plaintiff argues that the Court can rely on Fed. R. Civ. P. 15(a) or 15(c)(3) to correct the mistake as well.  (Doc. 29, at 4.)  As an initial matter, the Court notes that there is no Fed. R. Civ. P. 15(c)(3).  As such, this Rule will not be considered.[4]

Under Rule 15(a), however, "a party may amend its pleading once as a matter of course … (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),

---

[4] The Court surmises that Plaintiff attempted to cite Rule 15(c) to address the relation back of the proposed amendment to his original Complaint as Plaintiff has characterized Defendants' "refusal to consent" to the proposed amendment as being "most likely directed at setting up a statute of limitations controversy."  (Doc. 38, at 1.)  The Defendants reference, but do not analyze, the issue of relating back in their responsive brief. (Doc. 36, at 5.)  While these issues may ultimately be presented to the District Court on a dispositive motion, the Defendants have not actually raised Rule 15(c) as a basis to deny the present motion.

(e), or (f), whichever is earlier" or "[i]n all other cases, … with the opposing party's written consent or the court's leave." "The court should freely give leave when justice so requires." Fed. R.. Civ. P. 15(a)(2). As the Commission Defendants correctly point out, "Plaintiff used his one 'free amendment' pursuant to Fed. R. Civ. P. 15(a) to file his [first] Amended Complaint." (Doc 36, at 2 (referencing Doc. 17).) Because Shew and the Commission Defendants oppose the motion, Plaintiff must receive leave from the Court to make the requested change. The Court must, therefore, determine if "justice so requires" granting Plaintiff the requested leave.

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citation omitted). The Court notes that Shew and the Commission Defendants do not analyze these *Frank* factors in their responsive brief. (*See generally* Doc. 36.) Further, the Court sees no evidence of undue delay, undue prejudice to Defendants, bad faith/dilatory motive, or failure to cure deficiencies by previously allowed amendments.[5]

Defendant is clearly on notice of the claim. Plaintiff argues that "the Board has been on notice of the Complaint and Amended Complaint since Jameson D. Shew was served being Clerk of Douglas County and was sued in his official capacity (being agent for the Board)." (Doc. 29, at 4.) Plaintiff continues that "no defendant claims anyone has been misled or even misunderstood that it is the Douglas County Kansas Board of County Commissioners that is at issue in this case." (Doc. 38, at 2.) The Court agrees.

---

[5] This is Plaintiff's second Motion to Amend and cautions that serial motions to amend are not "desirable." *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, No. 08-4567-CW, 2009 WL 10677178, *2 (N.D. Calif. May 4, 2009). "[R]epeated failure to cure defects is relevant [to the issue of futility] where serial motions to amend are filed … ." *Byers v. Maricopa Co. Correctional Health Servs.*, No. 18-4243-PHX-ROS (JFM), 2020 WL 1004618, *4 (D. Ariz. Jan. 14, 2020).

Further, the case is in its early stages as the Court has not even entered a Scheduling Order. As such, there will be no prejudice to Shew and the Commission Defendants. The Court agrees and finds that Plaintiff has established good cause pursuant to Fed. R. Civ. P. 15(a) to allow the requested amendment.

For purposes of this motion, the Court also finds that the potential futility of Plaintiff's requested amendment, if any, does not justify denial of Plaintiff's motion. There is no undue prejudice to Defendants as they are on notice of the claim and the case is in its early stages with no Scheduling Order yet entered. Plaintiff's motion (Doc. 29) is, therefore, **GRANTED**. Plaintiff shall file the amended pleading, the form attached to his reply brief, within a week of the date of this Order.

**IT IS SO ORDERED**.

Dated April 1, 2024, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge