UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Justin Spiehs

                Plaintiff,

v.

Armbrister et al

              Defendants

Case No. 5:24-CV-4005-JAR-BGS

Plaintiff's Motion and Memorandum in Support of Motion to Amend and Join Additional Parties

Plaintiff moves to amend his Second Amended Complaint and to add parties. The motion is timely as no scheduling order has been entered, no discovery conducted, and the events cited have occurred after the entry of the Second Amended Complaint.

These defendants have weaponized the preliminary injunction ruling made in *Spiehs v Larsen*, 5:23-cv-04107-JAR-BGS (ECF 46) as a basis to import a plethora of non-existent rules into Douglas County meetings and then to arrest the plaintiff Dr. Justin Spiehs relying on that.   Dr. Spiehs has been arrested  – *again* – by Douglas County officers at another Douglas County Commissioner's meeting.  The Douglas County prosecutor has declined twice to prosecute these conspired bogus charges against Dr. Spiehs.  Dr. Spiehs continues to be the subject of wholly different treatment through the coordinated actions involving the Douglas County Sheriff's Department and the Douglas County Commissioners working in concerted tandem regarding Dr. Spiehs' presence and speech prior to and during the County Commissioner's open meetings.  The Court granted the plaintiff's motion to amend on 4/3/2024.  Since the entry of that order, Dr. Spiehs complains of later events taking place at the Commission Open meetings on 4/3/2024, 4/17/2024, 4/24/2024, and

1

5/1/2024. Since the Second Amended Complaint has been filed, Dr. Spiehs has continued to appear at Douglas County Commission meetings and has been met with censorship, as well as a subsequent arrest by Douglas County Lieutenant Kristen Channels and Douglas County Deputy Chase Coleman. Plaintiff seeks to add these two individuals as additional defendants. The subsequent events still involve the same defendant Douglas County Sheriff's Department, the same individual Douglas County Commissioners, and the same defendant Douglas County Commissioners. Now new claims would be made against the existing defendants. The new claims against Lieutenant Kristen Channels and Deputy Chase Coleman would function, as to the existing defendants, a continuing practice and pattern of its speech restrictions, as well as the continuing practice of the Douglas County Sheriff's office to arrest Dr. Spiehs because of his protected speech. These subsequent acts are also new causes of actions against additional Sheriff officers, the defendant Armbrister, each of the Commissioners, and the County itself.[1] It is pled that these subsequent events are a continuing conspiratorial and premediated action of targeting Dr. Spiehs and his speech by these defendants.

The "party opposing the motion bears the burden to demonstrate why the amendment should not be permitted."[2] Defendants cannot make futility objections as to the new defendants Channels and Coleman or claims made against them. *Id.* at *8. When a motion to amend seeks to add parties the Court must consider Rule 20 of

---

[1] The defendant County filed its motion to dismiss on 5/17/2024 (ECF 70).
[2] *Spiehs v. Bd. of Dirs. of the Free Pub. Libr.,* No. 24-4016, 2024 U.S. Dist LEXIS 87526 at *4 (D.Kan. May 16, 2024).

the Federal Rules of Civil Procedure.[3]  "Rule 15(d) gives trial courts broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events."[4] Supplemental pleadings "set forth new facts in order to update an earlier pleading and are, therefore, distinct from amendments to pleadings under Rule 15, which `relate to matters that occurred prior to the filing of the original pleading."[5] Leave to supplement "should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants."[6] The purpose of a supplemented complaint is to "promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed."[7] In abbreviated explanation,[8] a synopsis of the later events.

## April 3, 2024

Dr. Spiehs attended the commission meeting carrying a handmade sign that read "Patrick Kelly is a giant pussy" and then spoke during general public comment and displayed his sign to the commissioners and the county camera recording the meeting that is posted to its YOUTUBE channel.

---

[3] *See Painter v. Midwest Health, Inc.,* Civ. No. 19-2336, 2020 WL 5016878, at *6 (D. Kan. Aug. 25, 2020) ("court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a))."

[4] *Walker v. United Parcel Serv., Inc.,* 240 F.3d 1268, 1278 (10th Cir. 2001).

[5] *Carter v. Bigelow,* 787 F.3d 1269, 1278 (10th Cir. 2015).

[6] *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.,* 793 F.3d 1177, 1186 (10th Cir. 2015).

[7] *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.,* 668 F.2d 1014, 1057 (9th Cir. 1981).

[8] The proposed Third Amended Complaint has much greater detail as to the events.

**April 17, 2024**

Dr. Spiehs repeats the exact same words spoken at the April 3rd meeting.  Now Dr. Spiehs' microphone is muted.  The presiding Commissioner defendant Reid claimed Dr. Spiehs cannot "attack" a Commissioner's character apparently because Dr. Spiehs attended the meeting carrying the same April 3rd sign. Defendant Reid directed defendant Plinsky to mute the microphone. Dr. Spiehs was not permitted to finish his allotted speaking time.

**April 24th, 2024**

Dr. Spiehs is allowed to enter the meeting carrying the same handmade sign. The sign is positioned so that it can be viewed by the camera streaming to the YOUTUBE channel. When it came his turn to speak, he took the sign with him to the podium which had been visible at all times.  When Dr. Spiehs began his comments, defendant Reid again directed defendant Plinsky to mute the microphone. The County took a further step of removing all of Dr. Spiehs' comments as well as another speaker that evening, Phillip Michael Eravi's, from the published recording of the meeting.

**May 1st, 2024**

Carrying a sign into the building and meeting room that stated "Women have more balls than Patrick too" Dr. Spiehs set the sign in plain view for the camera. When it was his turn to speak he carried the sign to the podium and began speaking. After completing his speech with this sign, Dr. Spiehs stands off to the side silently not obstructing or preventing any other speakers from the podium.  But because the

sign was positioned so that the camera captured the sign, the Commissioners summoned the Sheriff Department to arrest Dr. Spiehs. Dr. Spiehs is arrested and after bonding out of jail, he returns to the meeting standing with the same sign and attempts to speak on an agenda item. He is muted again claiming his sign constituted "fighting words" and was not allowed to speak.  Dr. Spiehs was arrested under K.S.A. 21-5922 (Interference with the conduct of public business in public buildings).  Dr. Spiehs never impeded any public official in performing anything "through the use of restraint, abduction, coercion or intimidation or by force and violence or threat." The statue clearly has no application to anything Dr. Spiehs said or did at that meeting. There was never any probable cause to arrest Dr. Spiehs and the arrest was caused instead by bias and retaliation.

For the reasons set forth, the Court should enter an order granting these motions.

/s/Linus L. Baker KS 18197
6732 West 185th Terrace
Stilwell, Kansas 66085
Telephone:    913.486.3913
Fax:              913.232.8734
Email: linusbaker@prodigy.net
Attorney for the plaintiff

CERTIFICATE OF SERVICE

On this 23rd day of May, 2024, the above document was filed with the Court's CM-ECF system which will provide notice to all counsel of record.

/s/Linus L. Baker
Linus L. Baker