IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN SPIEHS,

        **Plaintiff,**

        v.

JAY ARMBRISTER, et al.,

        **Defendants.**

Case No. 5:24-CV-4005-JAR-BGS

**MEMORANDUM AND ORDER**

Plaintiff Justin Spiehs brings this action under 42 U.S.C. § 1983 against Defendants Jay Armbrister, Tyler Kruzel, and Jimmy Wold ("Sheriff Defendants"), as well as Defendants Jameson D. Shew, Shannon Portillo, Shannon Reid, Patrick Kelly, Karen Willey,[1] Sarah Plinsky, and the Board of County Commissioners of Douglas County ("Commission Defendants"). This matter is before the Court on Plaintiff's Motion to Amend and Join Additional Parties (Doc. 72), which seeks leave to file a Third Amended Complaint and join two additional Defendants. Defendants oppose the motion and have filed two separate responses in opposition.[2] The motion is fully briefed, and the Court is prepared to rule. For the reasons described below, the Court defers ruling on the motion until after Plaintiff files a revised, proposed Third Amended Complaint in compliance with this Order.

**I.    Procedural History**

Plaintiff filed this action on January 16, 2024, naming Armbrister, Kruzel, Wold, Shew, Portillo, Reid, Kelly, and Willey as Defendants. Plaintiff sued all Defendants in their individual

---

[1] Defendant Willey's last name is spelled "Wiley" on the docket sheet, but she refers to herself in her briefs as "Karen Willey." Doc. 49 at 1. Thus, the Court adopts this spelling for the purposes of this Order.

[2] Docs. 75, 77.

capacities, except for Shew, who Plaintiff sued "in his official capacity as the Clerk of the County Commission of County Commissioners of Douglas County, Kansas."[3]  Kelly, Portillo, Reid, Shew, and Willey filed a motion to dismiss the Complaint on February 26, 2024. Defendants argued, in part, that Plaintiff failed to state a claim against Shew in his official capacity.  Defendants noted that Plaintiff had sued Shew in his official capacity for a position that did not exist, and that Plaintiff also failed to allege that Shew took any actions in his official capacity.  Three days later, Plaintiff filed a First Amended Complaint as a matter of course under Fed. R. Civ. P. 15(a).

In his First Amended Complaint, Plaintiff added Plinsky and the "Douglas County Commissioners, as policymaking entity, for Douglas County, Kansas pursuant to K.S.A. § 19-101 *et seq.*" as Defendants.[4]  Plaintiff also changed the name of Shew's position to "the County Clerk/County Election Official for Douglas County, Kansas pursuant to K.S.A. § 19-301."[5]  On March 12, 2024, in lieu of an answer, Defendant Armbrister filed a motion to dismiss the First Amended Complaint.  On March 14, 2024, Kelly, Portillo, Reid, Shew, and Willey also filed a motion to dismiss the First Amended Complaint.

Kelly, Portillo, Reid, Shew, and Willey argued in their motion to dismiss that Plaintiff had failed to serve Shew and the County Commissioners.  Defendants also argued that, while "service of process to a County can be made by serving the county clerk, suit cannot be brought against a County by suing the County Clerk 'in his official capacity.'"[6]  In response, Plaintiff filed a motion to correct misnomer name, or, in the alternative, to amend the Complaint to

---

[3] Doc. 1 at 1.

[4] Doc. 17 at 1.

[5] *Id.*

[6] Doc. 26 at 6.  Defendants cited to K.S.A. § 19-105, which provides that suit may be brought against a County in Kansas by suing the Board of County Commissioners of the County.  *See id.* at 6 n.4.

2

properly name the County as the "Douglas County, Kansas, Board of County Commissioners."[7] On April 1, 2024, presiding Magistrate Judge Brooks G. Severson expeditiously granted Plaintiff's motion. Thus, Plaintiff filed a Second Amended Complaint on April 2, 2024, which rendered moot Defendants' motions to dismiss the First Amended Complaint.[8] The Second Amended Complaint made no substantive changes other than properly naming the County by naming the Douglas County Board of County Commissioners ("the Board").

In his Second Amended Complaint, Plaintiff labels his causes of action as follows: right to petition (Claim 1); content- and viewpoint-discrimination (Claim 2); retaliation (Claim 3); equal protection (Claim 4); violation of his right to free speech, as-applied (Claim 5); and a free speech facial challenge (Claim 6).[9] Plaintiff asserts all six claims against all Defendants. Plaintiff's claims arise out of events that occurred at Douglas County Commission ("County Commission") meetings from January 2022 to August 2022. On January 12, 2022, and February 9, 2022, Plaintiff was prevented from entering County Commission meetings because he was not wearing a mask during an active mask mandate. On April 20, 2022, Plaintiff was removed from a County Commission meeting by Sheriff's deputies, and was also arrested and charged with disorderly conduct. This charge was later dropped. On May 11, 2022, Plaintiff was again removed from a County Commission meeting by Sheriff's deputies, though this removal did not lead to an arrest.

Defendants have filed three motions to dismiss the Second Amended Complaint, all of which are pending before the Court. Kelly, Portillo, Reid, Shew, and Willey filed a motion to

---

[7] Doc. 29 at 1.

[8] Doc. 46.

[9] Plaintiff references other causes of action throughout the Second Amended Complaint, including civil conspiracy, unconstitutional conditions, and compelled speech. However, in the claim section of his Second Amended Complaint, Plaintiff labels his claims as stated above.

3

dismiss on April 16, 2024,[10] which has since been fully briefed.[11] Armbrister, Kruzel, and Wold filed a motion to dismiss on May 16, 2024.[12] The Board and Plinsky filed a motion to dismiss on May 17, 2024.[13] All Defendants sued in their individual capacity raise the defense of qualified immunity. Defendants also raise unique defenses, including: (1) lack of municipal liability; (2) improper service; (3) lack of proper notice; and (4) probable cause. In lieu of responding to the May 16 and May 17 motions to dismiss, Plaintiff filed the instant motion for leave to file a Third Amended Complaint on May 23, 2024.[14]

## II.   Proposed Third Amended Complaint

As stated above, Plaintiff's Second Amended Complaint was filed on April 2, 2024. Plaintiff's proposed Third Amended Complaint asserts factual allegations arising out of his attendance at the following County Commission meetings: April 3, 2024; April 17, 2024; April 24, 2024; May 1, 2024; and May 15, 2024. Plaintiff's proposed factual allegations illustrate his speech and behavior at the five above-referenced meetings, as well as the behavior of Defendants in enforcing public speaking rules. Additionally, on May 1, 2024, Plaintiff asserts that he was arrested by two employees of the Sheriff's Department—Kristen Channels and Chase Coleman—both of whom he now seeks to add as Defendants. The proposed Third Amended Complaint is 105 pages. Plaintiff also seeks to incorporate by reference his own 18-page, single-spaced affidavit, which describes the new factual allegations in further detail.

---

[10] Doc. 54.

[11] Docs. 60, 66.

[12] Doc. 67.

[13] Doc. 70.

[14] Doc. 72. The Court granted Plaintiff leave to suspend briefing on the May 16 and May 17 motions to dismiss, pending resolution of the instant motion to amend. *See* Doc. 74.

4

Plaintiff's proposed Third Amended Complaint seeks to supplement four of his previously asserted claims, and to add four new claims. Plaintiff seeks to supplement his first, second, fourth, and fifth causes of action by adding new iterations of County Commission speaking rules which were introduced at the April and May meetings. The current claims assert constitutional challenges to Defendants' restriction of the following types of language at meetings in 2022: "personal attacks, campaigning, vulgar, rude, and inappropriate."[15] Plaintiff seeks to add challenges to the following restrictions, which were introduced in April and May of 2024: "threatening, aggressively hostile, belligerent, . . . fighting words, slander, speech that invades the privacy of individuals, unreasonably loud, disruptive, and repetitive."[16] Plaintiff also proposes adding an argument in the fourth claim about the effect of muting his microphone.

The new claims Plaintiff asserts are: categorical exclusion from the government benefit of being heard at meetings in violation of the Free Exercise Clause (Claim 7); retaliation and retaliatory arrest (Claim 8); unlawful arrest or failure to intervene in violation of the Fourth Amendment (Claim 9); and malicious prosecution (Claim 10). The eighth, ninth, and tenth claims are based on both of Plaintiff's arrests on April 20, 2022, and May 1, 2024. Plaintiff does not specify that the new claims are alleged against specific Defendants; therefore, the Court construes them as asserted against all Defendants, including the proposed new Defendants, Coleman and Channels.

## III. Standards

Plaintiff nominally seeks leave to file an amended complaint, but in the body of his motion, Plaintiff seeks leave to supplement his Second Amended Complaint under Fed. R. Civ.

---

[15] Doc. 46 at 57.
[16] Doc. 72-1 at 81.

5

P. 15(d).  The Court finds that Plaintiff's motion seeks both to amend and supplement the Second Amended Complaint.  Plaintiff's newly raised factual allegations that post-date the Second Amended Complaint are supplements; Plaintiff's proposal to add two Defendants, and assert claims which could have been raised in the original Complaint, are amendments.[17]  Thus, the Court will consider Plaintiff's motion under both Rules 15(a) and (d).[18]

Under Fed. R. Civ. P. 15(d), "the court may . . . permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  "Supplemental pleadings 'set forth new facts in order to update [an] earlier pleading' and are, therefore, 'distinct from amendments to pleadings under Rule 15, which relate to matters that occurred prior to the filing of the original pleading.'"[19]  "Motions to supplement are addressed to the sound discretion of the trial court. . . . [and] should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants."[20]

"As a general matter, 'the standard used by courts in deciding to grant or deny leave to supplement is the same standard used in deciding whether to grant or deny leave to

---

[17] *See Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) ("To the extent that [the p]laintiffs' motion to supplement sought the addition of a party, it is controlled by Rule 15(a) because it is actually a motion to amend. . . .  To the extent that [the p]laintiffs' motion asserted retaliation claims arising subsequent to the complaint, it was properly styled a motion to supplement." (citing Fed. R. Civ. P. 15(d)).

[18] Plaintiff asserts that the Court must consider Rule 20 alongside Rule 15.  Rule 20 governs the permissive joinder of parties, and provides that defendants may be joined in an action if: (1) a right to relief is asserted against all defendants, which arises out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there is a common question of law or fact.  Fed. R. Civ. P. 20(a)(2); *see Painter v. Midwest Health, Inc.*, No. 19-2336, 2020 WL 5016878, at *6 (D. Kan. Aug. 25, 2020) ("When a motion to amend seeks to add parties that are not required, the court must consider Rule 20.").  Defendants do not challenge the appropriateness of joining Coleman and Channels to this litigation under Rule 20.  Rather, Defendants focus on the standard for leave to amend.  Without specific argument from Defendants against joinder of Coleman and Channels, the Court declines to consider Rule 20.

[19] *Phillips v. Boilermaker-Blacksmith Nat'l Pension Tr.*, No. 19-2402-TC-BGS, 2024 WL 1328378, at *3 (D. Kan. Mar. 28, 2024) (alteration in original) (quoting *Carter v. Bigelow*, 787 F.3d 1269, 1278 (10th Cir. 2015)).

[20] *Gillihan v. Shillinger*, 872 F.2d 935, 941 (10th Cir. 1989), *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010).

amend.'"[21]  Under Fed. R. Civ. P. 15(a)(2), leave to amend a complaint is freely given "when justice so requires."  A party is typically granted leave to amend under Rule 15(a) unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[22]

## IV. Discussion

Plaintiff asserts that leave to amend, or supplement, is proper because he seeks to set forth facts that occurred after the date that his Second Amended Complaint was filed.  Plaintiff argues that these new factual allegations arise out of the same series of transactions or occurrences as his previous claims, and asserts that it would further judicial economy to resolve all of his claims together.  Sheriff Defendants challenge Plaintiff's motion by arguing that it fails to comply with Rule 8; Commission Defendants raise the following arguments in opposition to Plaintiff's motion: (1) failure to comply with Rule 8; (2) undue delay, bad faith, or dilatory motive; (3) undue prejudice; and (4) futility.  The Court considers Defendants' Rule 8 arguments as part of its futility analysis.  As described below, the Court orders Plaintiff to file a revised, Third Amended Complaint that complies with Rule 8.  Upon review, the Court will issue a supplemental Order ruling on the motion for leave to amend.

### A. Undue Delay, Bad Faith, or Dilatory Motive

In the Tenth Circuit, undue delay may be found "when the party filing the motion has no adequate explanation for the delay."[23]  Courts considering whether a motion to amend is made in

---

[21] *Phillips*, 2024 WL 1328378, at *3 (emphasis omitted) (quoting *Fowler v. Hodge*, 94 F. App'x 710, 714 (10th Cir. 2004)); *see also Garcia v. Tyson Foods, Inc.*, No. 06-2198-JWL-DJW, 2010 WL 4102299, at *2 & n.8 (D. Kan. Oct. 18, 2010) (collecting cases).

[22] *Duncan v. Manager*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting *Frank*, 3 F.3d at 1365).

[23] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quoting *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) (citations omitted)).

bad faith will looks for signs of "dishonesty of belief, purpose, or motive" on behalf of the movant.[24] "Furthermore, '[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.'"[25]

Commission Defendants argue that Plaintiff has purposefully delayed this case by filing multiple rounds of amended complaints. Commission Defendants also assert that Plaintiff could have filed his motion earlier, but instead waited until all Defendants filed their motions to dismiss. Plaintiff asserts that his motion is timely because this case is in the early stages of litigation, and no Scheduling Order has been filed. The Court finds that granting Plaintiff's motion would not constitute undue delay, and that there is no evidence of bad faith or dilatory motive.

Commission Defendants' allegations that Plaintiff has purposefully delayed this case are not supported by the record. Plaintiff's First Amended Complaint was properly filed within 21 days of the first motion to dismiss. The Federal Rules of Civil Procedure encourage these amendments "as a matter of course."[26] And Plaintiff's Second Amended Complaint did not substantively alter the factual allegations from his First Amended Complaint, but rather only corrected a misnomer. Thus, the instant motion is Plaintiff's first, substantive motion to amend, and it was filed only four months after the original Complaint. There is no reason to suspect Plaintiff's motives for filing the previous, and instant, motions to amend.

---

[24] *Nordwald v. Brightlink Commc'ns, LLC*, No. 20-2528-JWL-GEB, 2021 WL 4399488, at *3 & n.19 (D. Kan. Sept. 23, 2021) (quoting Black's Law Dictionary (11th ed. 2019)).

[25] *Frank*, 3 F.3d at 1366 (alteration in original) (quoting *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)).

[26] Fed. R. Civ. P. 15(a).

8

Turning to the timing of the instant motion, which was filed on May 23, 2024, Defendants assert that it should have been filed earlier because the relevant events from the proposed pleading occurred throughout April and early May. Plaintiff does not provide an explanation for this delay. Nonetheless, the Court declines to infer that Plaintiff was motivated by improper gamesmanship because of the delay between the April and May meetings and the date he filed the motion. Plaintiff was not arrested until the meeting on May 1, 2024. Thus, only three weeks elapsed between Plaintiff's date of arrest and the date he filed this motion. Without specific allegations as to bad faith, such a minimal delay is not indicative of dilatory motive.

However, the Court agrees with Commission Defendants that, though many of Plaintiff's new factual assertions arise out of events from the April and May meetings, all four new claims could have been raised in the original Complaint. Claim 7 asserts that Plaintiff was excluded from the government benefit of being heard by attendees at meetings, and by viewers on YouTube. Plaintiff could have raised this claim in his original Complaint, either based on the events of his first arrest in April 2022, or the May 11, 2022 meeting where his microphone was turned off. Claims 8, 9, and 10 all relate to Plaintiff's alleged wrongful arrests. But none of the new claims are cabined to the May 1, 2024 arrest. Instead, all of the claims rely on both arrests. Thus, while the factual allegations from the April and May 2024 meetings could not have been asserted earlier in the litigation, each of Plaintiff's proposed new claims could have been raised in the original Complaint.

Nonetheless, each of the new claims relies, at least in part, on supplemental facts. Given the early stage in the litigation, and the liberal amendment rules, the Court declines to infer bad faith or dilatory motive.[27] Though Plaintiff has delayed bringing these new claims for a short

---

[27] *See Nordwald*, 2021 WL 4399488, at *3 ("Even if Defendant knew the facts asserted in its proposed counterclaim before filing its Answer, Defendant's motion is not at the eleventh hour as Plaintiff suggests. This

9

period of time, there has been no Scheduling Order entered and discovery has not yet begun. Therefore, the Court finds that amendment should not be denied on the bases of undue delay, bad faith, or dilatory motive.

### B.     Undue Prejudice

"The Tenth Circuit has held that the most important factor in deciding a motion to amend or supplement the pleadings, is whether the amendment/supplementation would prejudice the nonmoving party."[28] In evaluating undue prejudice, courts consider whether the opposing party will face "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[29] Though any supplementation or amendment "invariably causes some 'practical prejudice,' undue prejudice means that the supplementation 'would work an injustice to the defendants.'"[30]

Commission Defendants argue that granting leave to amend, or supplement, would cause undue prejudice for several reasons. They first argue that allowing Plaintiff to "move the target" and present "theories seriatum"[31] would prevent this litigation from ever reaching its end. Commission Defendants also argue that Portillo and Shew have unique defenses that would entitle them to dismissal, or partial dismissal, of Plaintiff's claims against them. Finally, Commission Defendants assert that Plaintiff's tactics have prevented the Court from considering their qualified immunity defenses for an overly long period of time. Plaintiff responds that there

---

case is early in the discovery phase and Defendant's delay, if any, is not inordinate and does not support denial on the basis of undue delay.").

[28] *Garcia v. Tyson Foods, Inc.*, No. 06-2198-JWL-DJW, 2010 WL 4102299, at *4 (D. Kan. Oct. 18, 2010) (citation omitted).

[29] *Id.* (quoting *United States v. Sturdevant*, No. 07-2233-KHV-DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008)).

[30] *Id.* (quoting *Sturdevant*, 2008 WL 4198598, at *3).

[31] Doc. 77 at 12.

10

is no prejudice because no Scheduling Order has been entered, and argues that it is in the interest of judicial efficiency to hear his new claims alongside his pending claims. The Court finds that granting leave to amend, or supplement, would not cause undue prejudice to any Defendant.

Commission Defendants argue that the proposed pleading raises wholly distinct factual allegations, which should not be considered together with Plaintiff's original claims. But Commission Defendants fail to explain why responding to Plaintiff's proposed Third Amended Complaint would cause them "undue difficulty."[32] Plaintiff's new facts and claims are not dissimilar to those raised in the Second Amended Complaint. Plaintiff continues to challenge language governing public comments at County Commission meetings, and he raises new examples to support his argument that he has been improperly treated by Defendants. Though the Court recognizes the difficulty Defendants will face in addressing the new facts and claims in the next round of motions to dismiss, the Court is persuaded that it would further judicial efficiency to hear all of Plaintiff's claims together.

Commission Defendants' prejudice arguments center around the delay that they have faced in this litigation. As described above, the Court finds that granting leave to amend here would not constitute undue delay. However, the Court agrees with Defendants that any delay causes a degree of practical prejudice. The Court also agrees with Defendants that it is prejudicial to unduly delay consideration of qualified immunity, because qualified immunity entitles defendants to protection not just from damages, but from suit itself.[33] Additionally, though some Defendants were added to this suit in later amended pleadings, the originally named Defendants have had to re-draft their motions to dismiss three times because of Plaintiff's

---

[32] *See Garcia*, 2010 WL 4102299, at *4.

[33] *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

amendments.  Granting leave to file a Third Amended Complaint would render moot the current, third round of motions to dismiss, spurring a fourth round.  Defendants would also have to respond to Plaintiff's new factual allegations and four new claims.  The Court does not minimize the degree of prejudice that amendment will cause Defendants, particularly to those who raise the defense of qualified immunity.

The Court is also mindful that the factual basis for Plaintiff's claims may continue to evolve because Plaintiff continues to attend County Commission meetings.  Plaintiff's attendance at the April and May meetings illustrates that he will continue to behave in a way that he believes is constitutionally protected, but that Defendants believe violates decorum rules.  But there must be an endpoint to Plaintiff's pleadings, otherwise, the Court could never resolve dispositive motions.  Therefore, the Court intends to decide Defendants' forthcoming motions to dismiss the Third Amended Complaint, which will undoubtedly re-raise threshold defenses such as qualified immunity.  The Court will not favorably entertain another motion for leave to amend in lieu of responses to Defendants' forthcoming motions to dismiss.  Plaintiff has been on notice of Defendants' defenses, particularly their qualified immunity defenses, and should be prepared to proceed on this final amendment.  Thus, granting leave to amend will not cause undue prejudice to any Defendant.

### C. Futility

"A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason . . . ."[34]  "Rule 8(a)'s mandate, that plaintiffs provide a 'short and plain statement of the claim showing that the pleader is

---

[34] *Bradshaw v. Lappin*, 484 F. App'x 217, 225 (10th Cir. 2012) (quoting *Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997)).

12

entitled to relief,' has been incorporated into both the 9(b) and the 12(b)(6) inquiries."[35] Commission Defendants argue that Plaintiff's newly raised claims are futile because they fail to state a claim for relief under Fed. R. Civ. P. 12(b)(6).  Commission Defendants also argue that Plaintiff's proposed Third Amended Complaint would be subject to dismissal for violating Fed. R. Civ. P. 8.  Plaintiff asserts that Defendants failed to provide any argument as to the futility of his individual claims, and argues that his proposed Third Amended Complaint satisfies Rule 8. The Court agrees with Plaintiff that Commission Defendants' claim-specific futility arguments are conclusory.  Because of the lack of detailed briefing, the Court cannot find that any of Plaintiff's newly raised claims would be futile for failure to state a claim.  Nonetheless, as described below, Defendants' Rule 8 arguments have merit.

Defendants argue that Plaintiff's proposed Third Amended Complaint fails to comply with Fed. R. Civ. P. 8 because it is exorbitantly long, and does not provide fair notice as to which claims are raised against which Defendants.  Defendants also note that Plaintiff mixes his argument and fact sections, and fails to cleanly separate the claims based on earlier iterations of speech policies from those based on later versions.  Plaintiff responds that Defendants are capable of mounting a defense to his claims, and that the length of the proposed Third Amended Complaint is insufficient to deny leave to amend under Rule 8.

"Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."[36]  "Prolixity of a complaint undermines the utility of the complaint.  Thus, . . . a complaint can run afoul of Rule 8

---

[35] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010) (citations omitted) (quoting Fed. R. Civ. P. 8(a)).

[36] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (noting that the plaintiff's complaint failed to comply with Rule 8 because "not even the most attentive of readers could figure out who did what to whom.").

13

through unnecessary length and burying of material allegations in 'a morass of irrelevancies.'"[37] Specifically, allegations which "lump all of the defendants together, without saying who did what or identifying conduct that would trigger liability" violates Rule 8.[38]

Here, while Plaintiff's proposed Third Amended Complaint does not reach the extreme of being unintelligible, it, and Plaintiff's earlier Complaints, ignore the "short and plain statement" principle of Rule 8. The shortest of Plaintiff's Complaints in this action was 76 pages; the proposed Third Amended Complaint is 105 pages, not including Plaintiff's attached 18-page affidavit.[39] In the Court's experience, the facts of this case do not warrant complaints of such length. Though Plaintiff is correct that lengthy complaints, standing alone, do not violate Rule 8,[40] he minimizes the fact that overly long pleadings cause practical difficulties.[41] Importantly, the breadth of the Complaint causes notice problems; the sheer amount of factual and legal statements, some of which are not clearly labeled, makes it difficult for Defendants to discern the scope of Plaintiff's claims.[42] In Plaintiff's revised, proposed pleading, Plaintiff shall exercise brevity, keeping in mind that the purpose of a complaint is to put Defendants on notice of the claims raised against them.[43]

---

[37] *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017) (quoting *Mann*, 477 F.3d at 1148).

[38] *Id.* at 621.

[39] The Court strains to see the necessity of attaching Plaintiff's affidavit, given that the proposed Third Amended Complaint is verified. *See Process Point Energy Servs., LLC v. Generator Source, LLC*, No. 21-CV-00816-KLM, 2022 WL 1128554, at *3 (D. Colo. Apr. 14, 2022) ("A verified complaint means that the plaintiff or its counsel has sworn to the allegations therein.").

[40] *See In re Roberts*, No. 20-3182, 2021 WL 4438744, at *3 (10th Cir. Sept. 28, 2021).

[41] As an example, Defendants and Plaintiff found it necessary to request 10-page extensions to brief each previous round of motions to dismiss.

[42] *See In re Roberts*, 2021 WL 4438744, at *3 ("Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." (quoting *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003))).

[43] *See Baker v. Blue Valley Sch. Dist. USD 229*, 2021 WL 2577468, at *4 (D. Kan. June 23, 2021).

The proposed Third Amended Complaint violates the principles of Rule 8 because it eschews the traditional pleading structure of concisely setting forth facts and claims, and instead is prolix and opaque.[44] The Court cautions Plaintiff that complaints are not, and should not be treated as, briefs.[45] Along with argumentative "facts," the proposed Third Amended Complaint sets forth many facts that appear irrelevant to the claims—all of which can and should be omitted. Perhaps most prejudicial to Defendants, the proposed Third Amended Complaint is unclear about which claims are being raised against which Defendants. In revising his proposed Third Amended Complaint, Plaintiff should ensure that each claim specifies which Defendant(s) it is raised against, including the proposed new Defendants.[46]

Finally, to the extent that there are claims in the Third Amended Complaint that are not separately labeled and numbered in the claims section, Plaintiff should correct those omissions in his revised pleading. For example, Plaintiff references several legal claims in the fact and claims sections of his pleading that are not separately labeled and numbered. This practice runs contrary to the principles of Rule 8 because Defendants are entitled to fair notice of precisely which claims are raised against them. Defendants, and the Court, should not have to sift through

---

[44] *See Mann*, 477 F.3d at 1148 (noting that the "main problem" with a plaintiff's complaint was that, "[a]lthough [the plaintiff] is a licensed attorney in the State of Illinois, she has curiously eschewed the traditional pleading style characterized by a short recitation of the facts followed by claims for relief.").

[45] *See Blue Valley Sch. Dist. USD 229*, 2021 WL 2577468, at *5 (finding that a complaint violates Rule 8 because, in part, "many of the paragraphs include multiple sentences, and the petition includes considerable commentary and legal arguments that serve little purpose other than to muddy the waters and garner attention.").

[46] In doing so, Plaintiff should consider Defendants' argument that not all Defendants have been involved with the County Commission for the entire timeline of the case. For example, Defendants note that Portillo has not served on the County Commission since September 13, 2022. Doc. 77 at 12.

Plaintiff should also consider whether to drop Shew from this litigation. It is evident from Plaintiff's briefs that Plaintiff sued Shew, in Shew's official capacity, for the sole purpose of naming the County as a Defendant. This was ineffective, and Plaintiff has since added the County as a separate Defendant. However, Plaintiff has not dropped Shew from the litigation. To the extent this is duplicative, Plaintiff should correct the error to streamline the case.

Plaintiff's entire Complaint to discern how many claims are alleged.[47]  **The Court cautions Plaintiff that he may not use this opportunity to raise new claims**.  Rather, Plaintiff should simply ensure that he labels and numbers each claim he purports to allege in his current proposed Third Amended Complaint in his revised, proposed Third Amended Complaint.

In sum, Plaintiff's proposed Third Amended Complaint fails to comply with Rule 8. Rather than deny the motion for leave to amend, **Plaintiff is directed to revise his proposed Third Amended Complaint in accordance with this Order and submit the revised pleading for the Court's review within 14 days of entry of this Order.**  The Court will issue a supplemental Order upon review of Plaintiff's revised pleading.

**IT IS THEREFORE ORDERED BY THE COURT** that the Court's ruling on Plaintiff's Motion to Amend and Join Additional Parties (Doc. 72) is **deferred**, pending the Court's review of Plaintiff's revised, proposed Third Amended Complaint.  Plaintiff shall file the revised, proposed Third Amended Complaint by July 16, 2024.  The Court will enter a supplemental Order upon review of the revised pleading.  Unless otherwise ordered, the parties need not submit supplemental briefing on the revised pleading.

**IT IS SO ORDERED.**

Dated: July 2, 2024

S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE

---

[47] *See Blue Valley Sch. Dist. USD 229*, 2021 WL 2577468, at *5 ("[I]t is not [the] job of the Court or the opposing party to sort through a pleading to try to construct a plaintiff's claims." (citation omitted)).