IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JUSTIN SPIEHS,<br><br>Plaintiff,`<br><br>vs.<br><br>JAY ARMBRISTER, in his individual capacity as Sheriff for Douglas County, Kansas; et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 5:24-CV-4005-JAR-BGS |

**DEFENDANTS PORTILLO, REID, KELLY, WILLEY, PLINKSY, AND THE DOUGLAS COUNTY, KANSAS BOARD OF COUNTY COMMISSIONERS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

For a complaint to survive a motion to dismiss, it must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal citation omitted). While well-pled facts are viewed in the plaintiff's favor, the motion to dismiss standard does not allow the Court to accept unreasonable, self-serving, and unsupported inferences from a party's own pleading. Conclusory statements are not entitled to the presumption of truth. *Id.* Like his Third Amended Complaint, Plaintiff's Response focuses on conclusory allegations, highly generalized constitutional principles, and fails to set forth a colorable argument as to why the Third Amended Complaint should not be dismissed for failure to state a claim under Rule 12(b)(6) as set out in these Defendants' Memorandum in Support of their Motion to Dismiss. (Doc. 92).

## I. Plaintiff's Home Rule and Kansas Open Meeting Act Arguments Fail to State a Claim

Plaintiff's restated argument that the Commission Defendants violated Home Rule and the Kansas Open Meeting Act requirements because a Resolution regarding public comments was not voted on or passed at a Commission meeting is legally incorrect and does not save his Third Amended Complaint from dismissal. (See Doc. 103, p. 1-5, 20-21). Plaintiff also incorrectly contends that Defendants have

somehow waived this argument. (Doc. 103, p. 1, n.1). As stated in their Memorandum in Support, nothing in K.S.A. 19-101a required the Board to adopt a resolution to develop public comment procedures. (Doc. 92, p. 25). Plaintiff cannot rely on incorrect legal conclusions to defeat qualified immunity or to support a constitutional violation.

Even assuming that this Court were to hold—as a matter of first impression—that K.S.A. 19-101arequired the Commission to pass a resolution to develop public comment policies, such a finding would not change the outcome - that Plaintiff has failed to state a Section 1983 claim. Courts "evaluate the plaintiffs' arguments only for whether there are allegations sufficient to support the finding of a federal constitutional or statutory violation[.]" *Eaton v. Meneley*, 379 F.3d 949, 955 (10th Cir. 2004). Therefore, Plaintiff's argument that the Commission Defendants somehow violated state law by failing to comply with K.S.A. 19-101a or the Kansas Open Meetings Act do not give rise to a Section 1983 claim. *Jones v. City & Cnty. of Denver, Colo.*, 854 F.2d 1206, 1209 (10th Cir. 1988) ("Section 1983 does not, however, provide a basis for redressing violations of *state* law, but only for those violations of *federal* law done under color of state law.").

## II. Plaintiff Cannot Supplement His Third Amended Complaint with Facts From Earlier, Non-Operative Pleadings and his Response.

Plaintiff's Response asks this Court to rely upon his Second Amended complaint and video links in his Response in Opposition to the Sheriff Defendants' Motion to Dismiss. (Doc. 103, p. 7, 13-15, 22.) Plaintiff's Notice of Supplemental Authority also discusses his proposed, 105-page Third Amended Complaint that this Court ordered revised because it violated Rule 8. (Doc. 109). Plaintiff overlooks that "[a]n amended complaint supersedes the original complaint and renders the original complaint of no legal effect." *Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005). At Plaintiff's request, this Court ordered the Third Amended Complaint to serve as the operative complaint. (Doc. 82, p. 2). This Court then stated it "will not favorably entertain another motion for leave to amend in lieu of responses to Defendants' forthcoming motions to dismiss." (Doc. 80, p. 12). Plaintiff tries to circumvent this Court's

Order by asserting additional factual allegations in his Response that are not contained in the operative Complaint. (Doc. 103, p. 7.) A Plaintiff "may not effectively amend their Complaint by alleging new facts in their response to a motion to dismiss." *In re Qwest Commc'ns Int'l, Inc.*, 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004). Therefore, this Court must only examine those facts that are included in the Third Amended Complaint. *Id.*

**III. Plaintiff's Ten Causes of Action Do Not Apply to All Named Defendants.**

Plaintiff does not directly address the fact that the Fifth and Sixth Causes of Action are against the Douglas County, Kansas Board of County Commissioners; requiring dismissal of these claims against the Commission Defendants and Defendant Plinsky in their individual capacities. (Doc. 92, p. 6-7, citing Doc. 81, p. 36, 39). Nor does he dispute that the Eighth, Ninth, and Tenth causes of action are not brought against the Commission Defendants, Defendant Plinsky, or the Douglas County, Kansas Board of County Commissioners which warrant dismissal. (Doc. 92, citing Doc. 81, p. 47, 63, 65). Rather than conceding this point, Plaintiff's Response includes sections entitled "Connections to Retaliatory Arrest and Malicious Prosecution" and "Retaliatory Arrest, No Qualified Immunity." (Doc. 103, p. 5, 22). It is unclear whether this is an attempt to now argue additional Defendants should be subject to his Eighth and Tenth causes of action. What is clear is that Plaintiff should not be permitted to add additional defendants to causes of action in his Response when they were not named in the operative Complaint.

In granting Plaintiff leave to file his Third Amended Complaint, this Court recognized the degree of prejudice to Defendants, some of whom have now drafted four motions to dismiss, and "particularly to those who raise the defense of qualified immunity." (Doc. 80, p. 11-12). This Court stated, "Perhaps most prejudicial to Defendants, the proposed Third Amended Complaint is unclear about which claims are being raised against which Defendants. In revising his proposed Third Amended Complaint, Plaintiff should ensure that each claim specifies which Defendant(s) it is raised against, including the proposed new Defendants." (Doc. 80, p. 15). This Court should not permit Plaintiff to defy this Court's specific direction in his Response.

**IV. Plaintiff's Third Amended Complaint Fails to Provide Fair Notice.**

Plaintiff incorrectly argues, "Defendants don't factual analyze what they claim each has qualified immunity from." (Doc. 103, p. 22). Defendants painstakingly attempted to distill Plaintiff's 70-page Third Amended Compliant to determine which causes of action were asserted against which defendants and respond accordingly. (Doc. 92). Plaintiff fails to grasp that ***he*** has the burden to provide fair notice under Rule 8. *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). This Court has cautioned Plaintiff against his shotgun approach, stating: "Plaintiff has been on notice of Defendants' defenses, particularly their qualified immunity defenses, and should be prepared to proceed on this final amendment." (Doc. 80, p. 12, 15). Nevertheless, Plaintiff continues arguing that the "defendants" violated his constitutional rights. Because Plaintiff fails to individualize each defendant's alleged misconduct from the "defendants" as a collective group, dismissal of the Commission Defendants and Defendant Plinksy is warranted.

**V. Qualified Immunity Bars Plaintiff's Claims Against the Commission Defendants and Defendant Plinsky.**

"Qualified immunity is 'an immunity from suit rather than a mere defense to liability.'" *Lewis v. Tripp*, 604 F.3d 1221, 1225 (10th Cir. 2010). When confronted with the qualified immunity defense, the plaintiff bears the burden to show both that the defendant violated his constitutional rights and that the right was clearly established. *Callahan v. Unified Gov't of Wyandotte Cnty.*, 806 F.3d 1022, 1027 (10th Cir. 2015). "'In conducting qualified immunity analysis . . . , courts do not merely ask whether, taking the plaintiff's allegations as true, the plaintiff's clearly established rights were violated. Rather, courts must consider as well whether *each defendant's* alleged conduct violated the plaintiff's clearly established rights.'" *Dodds v. Richardson*, 614 F.3d 1185, 1194 (10th Cir. 2010). Because Plaintiff has failed—for the fourth time—to individualize each Individual Defendant's alleged misconduct from the "Defendants" as a collective group, dismissal is warranted. Further, Plaintiff fails to meet his burden to show that any of the Individual Defendants violated his constitutional rights or that any such right was clearly established. Plaintiff has

not overcome the defense of qualified immunity on any of his claims, warranting dismissal.

**A. Plaintiff Fails to Plead Facts that Support a Constitutional Violation.**

Despite Plaintiff's pleading deficiencies, the Motion to Dismiss addresses the allegations in the Third Amended Complaint and explains why none of the facts state a constitutional violation. (Doc. 92).

1. Plaintiff Fails to State a Claim for Violation of His First Amendment Rights (Counts I-III and VII).

Each of Plaintiff's alleged violations of his First Amendment Rights occurred on government property, shortly before or during a County Commission meeting, where the government may impose reasonable restrictions on protected speech. *Ward v. Rock Against Racism*, 491 U.S. 781, 791, 109 S. Ct. 2746, 2753, 105 L. Ed. 2d 661 (1989).

a. *The Nature of the Forum at Issue Allows Restriction on Speech*.

Plaintiff's Response incorrectly argues the government office building where County Commission meetings are held is a public forum. (Doc. 103, p. 19). Prior to Commission meetings, the County building at issue is a non-public forum. (Doc. 92, p. 12-13). Further, Plaintiff's actions during the Commission meetings and the public comment portions of those meetings were, at most, in a limited public forum for the express purpose of discussing Commission business.

b. *Public Comment Policies Do Not Violate the First Amendment*.

Inexplicably Plaintiff contends that Defendants do not attempt to defend the public comment policies at issue. (Doc. 103, p. 18). Defendants clearly discuss the public comments policies Plaintiff challenges and then cite multiple cases finding analogous policies met constitutional standards. (Doc. 92, p. 2-5, 13-14, 26-29). Plaintiff argues this Court should ignore these "metaphors" (Doc. 103, p. 17-18), overlooking that "*stare decisis* is a foundation stone of the rule of law, necessary to ensure that legal rules develop 'in a principled and intelligible fashion[.]" *Michigan v. Bay Mills Indian Cmty.,* 572 U.S. 782, 798, 134 S. Ct. 2024, 2036, 188 L. Ed. 2d 1071 (2014). The value of precedent holding similar policies constitutional is especially important when the Individual Defendants have asserted the defense of qualified immunity. No

matter how many times Plaintiff tries to muddle the issues before this Court, the challenged public comment policies are not prohibited, do not violate the First Amendment, and there are no Supreme Court or Tenth Circuit cases standing for such a proposition.

*c. Plaintiff's Removal from the May 11, 2022, Commission Meeting and Shutting Off or Muting Plaintiff's Microphone Did Not Violate His First Amendment Rights.*

Plaintiff's First Amendment Rights were not violated during the May 11, 2022, meeting where he was ultimately removed for his disruptive conduct. (Doc. 92, p. 15). It was reasonable to remove Plaintiff based on his conduct of interrupting and disregarding Defendant Reid's instructions, which disrupted the public meeting. (Doc. 92, p. 15-16). Further, each time Plaintiff's microphone was muted during public comment it was based on addressing Plaintiff's disruptive conduct. (Doc. 92, p. 16-17).

d. *Plaintiff Fails to State a Claim for First Amendment Retaliation*.

Plaintiff notes this court must undertake an objective analysis to evaluate his First Amendment retaliation claim. (Doc. 103, p. 12). Defendants agree and add the Tenth Circuit has held "the objective standard of a person of ordinary firmness is a vigorous standard." *Eaton v. Meneley*, 379 F.3d 949, 956 (10th Cir. 2004). Plaintiff alleges no *facts* that an action taken by the Commission Defendants or Defendant Plinsky chilled a person of ordinary firmness from continuing to engage in a protected activity or that any action taken was in response to Plaintiff's exercise of his First Amendment rights. (Doc. 92, p. 17-18).

e. *Plaintiff Fails to State a Claim for Retaliatory Arrest*.

The Third Amended Complaint does not assert a retaliatory arrest claim against the Commission Defendants or Defendant Plinsky, as discussed *supra*. Despite failing to plead this cause of action against these Defendants, Plaintiff's Response argues the law of retaliatory arrest was clearly established prior to his arrest. (Compare Doc. 81, p. 47 with Doc. 103, p. 13, 24). This attempt to state new claims against these defendants by way of a Response should be disregarded.

Furthermore, the Douglas County Sheriff's officers arrested Plaintiff on April 20, 2022, and May 1, 2024. See *Pahls v. Thomas*, 718 F.3d 1210, 1232-33 (10th Cir. 2013) ("[E]ven if we accept that 'law enforcement' was responsible for plaintiffs' disparate treatment and that 'law enforcement' acted with a viewpoint-discriminatory purpose, those facts would not suffice as a matter of law to show that any *individual* defendant violated the First Amendment"). Therefore, Plaintiff has not stated a claim of retaliatory arrest against these defendants.

While the arguments above are dispositive as to the retaliatory arrest claim against the Commission Defendants and Defendant Plinsky, it is also true that Plaintiff's Third Amended Complaint fails to state a claim of retaliatory arrest claim against *any* defendant. A "First Amendment retaliation claim based on a false arrest requires a separate 'threshold showing'—generally, a plaintiff must show a false arrest." *Hinkle v. Beckham Cnty. Bd. of Cnty. Commissioners*, 962 F.3d 1204, 1227 (10th Cir. 2020) (citing *Nieves v. Bartlett*, 587 U.S. 391, 139 S. Ct. 1715, 204 L.Ed.2d 1 (2019)). A "plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest." 962 F.3d at 1227. Probable cause existed to arrest Plaintiff and Plaintiff's self-serving, conclusory theories do not meet the extremely narrow exception to the absence-of-probable cause rule set out in *Nieves*, which stated probable cause will not defeat a retaliatory arrest claim if the plaintiff "presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." 587 U.S. at 407. See also *Gonzalez v. Trevino*, 602 U.S. 653, 665, 144 S. Ct. 1633, 219 L. Ed. 2d 332 (2024) (same).

f. *Plaintiff Fails to State a Claim for Violation of the Free Exercise Clause Categorical Exclusion from Otherwise Available Government Benefits (Count VII*).

Defendants' Motion to Dismiss noted Count VII, entitled "Violation of U.S. Const. Amend. I: Free Exercise Clause Categorical Exclusion from Otherwise Available Government Benefits" was difficult to decipher because Plaintiff did not claim a violation of his right to practice his religion. Furthermore, Plaintiff did not otherwise state a claim for violation of the unconstitutional conditions doctrine. (Doc. 92.

P. 18). In Response, Plaintiff retitles this count "Government Benefits," apparently abandoning the Free Exercise claim. Regardless, Plaintiff fails to come within the vicinity of stating a claim for violation of the unconstitutional conditions doctrine. Defendants have not denied Plaintiff any benefit. The forum at issue is, at most, a limited public forum where government restriction on speech must only be reasonable in light of the purpose served by the forum and be viewpoint neutral. (Doc. 92, p. 10-13). Plaintiff's removal from meetings and limitations on his public comments at meetings were based on his disruptive conduct and violations of the public comment policies, not for engaging in constitutionally protected activity. (Doc. 92, p. 13-18).

2. Plaintiff Fails to State a Conspiracy Claim

Without directly addressing the issue raised in the Motion to Dismiss, that Plaintiff did not properly plead a cause of action for conspiracy (Doc. 92, p. 19), Plaintiff's Response is peppered with conclusions about "conspiracy." (Doc. 103, p. 6, 9, 29). In the section of his Response titled "Connections to Retaliatory Arrest and Malicious Prosecution," Plaintiff argues "the Third Amended Complaint provides notice of the conspiracy to deprive Dr. Spiehs of his Constitutional rights." (Doc. 103, p. 9). As discussed *supra,* Plaintiff's Third Amended Complaint did not bring a claim of retaliatory arrest or malicious prosecution against these Defendants. (Doc. 81, p. 47, 65). Further, qualified immunity protects these Defendants because to support a "valid § 1983 conspiracy claim, a plaintiff 'must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient'." *Hinkle*, 962 F.3d at 1231. As detailed in (Doc. 92) and herein, the Commission Defendants and Defendant Plinsky are entitled to qualified immunity as to the alleged constitutional violations, which precludes a claim for conspiracy. "The bare assertion that certain officials 'conspired' is exactly the kind of conclusory statement [the court shouldn't] consider when assessing a motion to dismiss." *Van Horn v. Salvation* Army, No. 23-2009-DDC-ADM, 2024 WL 1256245, at *8 (D. Kan. 2024) (quoting *Gowadia v. Stearns,* 596 F. App's 667, 671 (10th Cir. 2014)). This is true no matter how many times Plaintiff repeats his wholly conclusory allegations.

3. Plaintiff Fails to State a Claim for Equal Protection.

Plaintiff's Response confirms he is relying on a "class-of-one" theory to support his equal protection claim. (Doc. 103, p. 27; see also Doc. 92, p. 21). He argues his microphone was muted while "[o]ther speakers were not muted because the speakers spoke favorably or with approval." (Doc. 103, p. 27). The only factual support in the Third Amended Complaint for this proposition relies on an unidentified speaker who was permitted to tell a commissioner he appreciated her demeanor on one occasion. (Doc. 81, ¶ 159). This is not sufficient to support a class-of-one claim, which requires the plaintiff to establish that (1) "others, similarly situated in *every material respect* were treated differently"; and (2) "this difference in treatment was without rational basis, that is, the government action was irrational and abusive, and wholly unrelated to any legitimate state activity." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) (emphasis added, internal quotations marks and citation omitted). Plaintiff's comparisons to Michael Eravi and Michael Almon also fail to demonstrate that he was similarly situated in every material way to either or that any difference in treatment was not related to a significant government interest in conducting orderly and efficient meetings. (Doc. 92, p. 22-24).

**B. Commission Defendants and Defendant Plinsky Did Not Violate a Clearly Established Right.**

Qualified immunity applies because there is no Tenth Circuit or Supreme Court case, or clear authority from other courts, that places the conduct of these Defendants "beyond debate," *Thompson v. Ragland*, 23 F.4th 1252, 1255 (10th Cir. 2022) and they are entitled to qualified immunity. (Doc. 92, p. 24-25). In Response, Plaintiff reiterates the nonsequitur about Home Rule procedures and incorrectly argues that his conclusory conspiracy allegations equate to clearly established law. (Doc. 103, p. 27-29). Plaintiff further erroneously claims these Defendants do not address the actual language used by Defendant Reid when she muted his microphone on May 11, 2022. (Doc. 103, p. 29). Defendants squarely addressed Plaintiff's claim and explained that Plaintiff's admitted actions of interrupting and disregarding Defendant Reid's instructions that disrupted the ability to conduct the public meeting, not any protected speech, led to his

removal. (Doc. 92, p. 15-16). Plaintiff fails to demonstrate that every reasonable Commissioner and County Administrator would have known that their actions violated clearly established law.

Additionally, Plaintiff's conclusory allegations that the public comment policies 'violate a clearly established right' fail as a matter of law. The public comment policies Plaintiff challenges are constitutional. (Doc. 92, p. 13-16; 26-29). They are content and viewpoint-neutral, narrowly tailored to promote the significant government interest in orderly and efficient meetings, and allow ample alternative channels of communication, which the Tenth Circuit has held meets even the higher "designated forum" standard. (Doc. 92, p.25-29). The policies are not prohibited nor do they violate the First Amendment and there are no Supreme Court or Tenth Circuit cases that stand for such a proposition. (Doc. 92, p. 13-14).

Plaintiff fails to satisfy either necessary prong to defeat the protection of qualified immunity. There are no facts contained in the Third Amended Complaint that the Commission Defendants and Defendant Plinsky violated Plaintiff's constitutional rights. Nor are there facts that these defendants violated any clearly established right. Qualified immunity protects the Individual Defendants, requiring dismissal.

## VI. Plaintiff Fails to State a Claim for Declaratory or Injunctive Relief (Counts V and VI).

Counts V and VI seek declaratory and injunctive relief against the Douglas County, Kansas Board of County Commissioners based on facial and as-applied challenges to the County Commission's public comment policies. Plaintiff's Third Amended Complaint does not provide a factual basis to support a facial challenge that the Commission's public comment policies should be declared unconstitutional. (Doc. 92, p. 26-29). The policies reserving the right to shut off a microphone and remove any speaker from a meeting if they are "vulgar, rude or inappropriate," limiting comments to the business of the Douglas County Commission, and restricting campaigning for public office use common words within the normal understanding of the public.

Limiting speech to the business of the Douglas County Commission, restricting campaigning, and restricting vulgar, rude or inappropriate comments is not an impermissible restriction that leads to arbitrary enforcement; rather, it is a reasonable restriction that allows for public meeting to be orderly and

efficiently conducted. Further, the Commission's public comment policies are content and viewpoint-neutral, narrowly tailored to promote the significant government interest in orderly and efficient meetings, and allow ample alternative channels of communication, which the Tenth Circuit has held meets even the higher "designated forum" standard. (Doc. 92, p. 13-14, 28).

On October 16, 2024, Plaintiff filed a notice of supplemental authority, discussing *Moms for Liberty - Brevard Cnty., FL v. Brevard Pub. Sch.*, No. 23-10656, 2024 WL 4441302 (11th Cir. Oct. 8, 2024). This out-of-circuit decision was based on the Chairperson's *enforcement* of written policies, not their actual language. 2024 WL 4441302, at *5-10. The Tenth Circuit has rejected an attempt to rely on a Chairperson's remarks to modify a written policy in order to mount a facial First Amendment challenge based on viewpoint discrimination. *Pollak v. Wilson*, No. 22-8017, 2022 WL 17958787, at *8 (10th Cir. Dec. 27, 2022). *Moms for Liberty* is also distinguishable from the procedural posture and facts before this Court. The "borderline frivolous" quote Plaintiff relies on relates to a standing challenge, which no defendant has raised here. (Doc. 109, p. 1). 2024 WL 441302, at *3. Further, the Court's decision on the merits was driven by a Chairperson who enforced policies in either a viewpoint-based or arbitrary manner, factual scenarios not present here. The Eleventh Circuit held the Chairperson's enforcement of the "abusive" speech policy "diverge[d] from the common understanding of the word 'abusive;'" that a policy requiring that all statements be directed to the presiding officer was enforced in an arbitrary and inconsistent way; and that a policy disallowing "personally directed" speech was enforced in an inconsistent manner, sometimes allowing the speaker to use names with no resistance, and at other times interrupting a speaker for simply mentioning someone's name. 2024 WL 4441302, at *5-9. Finally, the Court's holding that the ban on obscenity was unconstitutional as applied was based on the rationale that the policy's "prohibition on obscenity is not about obscenity." The Court stated it was not "decid[ing] whether or how the school board could properly prohibit other profane or explicit speech at school board meetings," because the question was not before it. 2024 WL 4441302, at *9-10. In short, this out-of-

jurisdiction decision based on fact-specific policy enforcement is not controlling on any question before this Court.

Plaintiff fails to plead a facial challenge to the Commissions' public comment policies based on viewpoint discrimination. Likewise, Plaintiff provides no facts to support his assertion that the public comment policies "that were applied are also unconstitutional." (Doc. 103, p. 31). Because the policies regarding public comment are constitutional Plaintiff fails to state a claim for declaratory and injunctive relief and Counts V and VI should be dismissed.

**VII. Plaintiff Fails To State A Claim Against Douglas County.**

Plaintiff's Response incorrectly argues that Douglas County asks to be dismissed because of nomenclature. (Doc. 103, p. 9). Douglas County explained that contrary to Plaintiff's argument, the Douglas County, Kansas Board of County Commissioners are not a separate legal entity from Douglas County. (Doc. 92, p. 29, discussing Doc, 82, p. 3, ¶ 9). Dismissal is in fact warranted because Plaintiff fails to state a claim under *Monell v. Dep't. of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978), which has three general requirements in order to state a claim against a municipality: "(1) an underlying injury to a constitutional right of the plaintiff; (2) a municipal policy or custom, and (3) a direct causal link between the policy or custom and the injury." *Pino v. Weidl*, No. 20-2044-JAR-GEB, 2020 WL 3960424, at *4 (D. Kan. July 13, 2020) (citing *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013)). Plaintiff's repeated argument that the County's public comment policies are invalid because they fail to comply with the County Home Rule Act are without merit and do not state a constitutional violation that supports a cause of action against the County. (Doc. 92). Even if Plaintiff could show a constitutional violation, one incident of misconduct or unconstitutional action does not give rise to municipal liability. *Pino*, 2020 WL 3960424, at *5 (citing *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993)).The County's public comment policies are constitutional as detailed *supra* and in (Doc. 92). Beyond the public comment policies, the Third Amended Complaint does not point to any other formal policies that violate Plaintiff's constitutional rights.

To support a *Monell* claim based on "informal policies, practices, custom, or usage, such a policy or custom must be 'widespread, permanent, and well-settled' such that it effectively carries the force of law." *Pino*, 2020 WL 3960424, at *7 (internal citation omitted). In his Response, Plaintiff argues a "custom of using the Sheriff's deputies as bouncers for purported violations of the Commissioner's speech code." (Doc. 103, p. 11). This is simply a more attention grabbing way to restate the allegation that "the Sheriff's department routinely takes instructions from County employees and the Commission to silence and remove speakers such as Dr. Spiehs." (Doc. 81, ¶ 82). Wholly conclusory allegations of customs or informal policies are insufficient to survive a motion to dismiss. (Doc. 92, p. 33-35). Most importantly, the Third Amended Complaint does not allege facts showing any connection – let alone a direct causal link – between a County policy and the allegedly unconstitutional conduct of any defendant. As discussed herein and in (Doc. 92), there was no constitutional violation. To the extent any of the Defendant's actions in arresting Plaintiff on April 20, 2022, and May 1, 2024; shutting off his microphone and having him removed from a Commission meeting on May 11, 2022; or muting his microphone on other occasions resulted in a violation of Plaintiff's constitutional rights (which is denied), there is no connection between the County's public comment policies or any vaguely referenced informal policy and the Defendant's actions. Without facts that a County policy caused a constitutional violation, there is no claim against the County.

There are no facts in the Third Amended Compliant that give rise to an inference that the County established a deliberate policy or custom to violate the constitution. Plaintiff's "threadbare recitals" do not give rise to a cause of action." *Ashcroft*, 556 U.S. at 678. Plaintiff's claims against Douglas County fail as a matter of law and Douglas County should be dismissed with prejudice.

## VII. CONCLUSION

For all the reasons stated herein and in (Doc. 92), Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted and the same should be dismissed with prejudice.

Respectfully submitted,

HINKLE LAW FIRM LLC
8711 Penrose Lane, Suite 400
Lenexa, Kansas 66219-8197
913-345-9205/ FAX: 913-345-4832

By: */s/ Michelle R. Stewart*
Michelle R. Stewart, mstewart@hinklaw.com #19260
Lindsey R. Freihoff, lfreihoff@hinklaw.com #28560
Ashley Jarmer, ajarmer@hinklaw.com #24722

ATTORNEYS FOR DEFENDANTS
JAMESON D. SHEW; SHANNON PORTILLO;
SHANNON REID; PATRICK KELLY; AND
KAREN WILLEY

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 24 day of October, 2024, the foregoing *Reply in Support of Motion to Dismiss* was filed electronically with the Clerk of the US District Court for the District of Kansas; and a copy was served via ECF electronic notification and via email upon the following:

Linus L. Baker, #18197 (linusbaker@prodigy.net)
6732 West 185th Terrace
Stilwell, KS 66085-8922
913-486-3913 / Fax 913-232-8734
*Attorneys for Plaintiff*

Michael K. Seck (mseck@fpsslaw.com)
Connor M. Russo, #29826 (crusso@fpsslaw.com)
Fisher Patterson Sayler & Smith, LLP
9393 W. 110th Street, Suite 300
Overland Park, Kansas 66210-1402
913-339-6757 / Fax: 913-339-6187
*Attorneys for Defendant Jay Armbristser*

*/s/ Michelle R. Stewart*
ATTORNEYS FOR DEFENDANTS
JAMESON D. SHEW; SHANNON PORTILLO;
SHANNON REID; PATRICK KELLY; AND
KAREN WILLEY