IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUSTIN SPIEHS, ) | |
| ) | |
| Plaintiff,` ) | |
| ) | |
| vs. ) | Case No. 5:24-CV-4005-JAR-BGS |
| ) | |
| JAY ARMBRISTER, in his individual capacity ) | |
| as Sheriff for Douglas County, Kansas; et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT THE DOUGLAS COUNTY, KANSAS BOARD OF COUNTY COMMISSIONERS' ANSWER TO THIRD AMENDED COMPLAINT**

COME NOW, Defendant, The Douglas County, Kansas Board Of County Commissioners hereinafter "County") by and through its counsel of record, and for its answer to Plaintiff's Third Amended Complaint states and alleges as follows:

1. Paragraph 1 of the Third Amended Complaint is a declaratory statement to which no response is required, Defendant County denies that Plaintiff has a valid cause of action based on any of the federal statutes set forth in paragraph 1.

2. In response to paragraph 2, Defendant County admits that this Court has subject matter jurisdiction over Plaintiff's remaining federal claims, but denies any violation of Plaintiff's constitutional rights.

3. In response to paragraph 3, Defendant County admits that venue is appropriate, but denies any violation of Plaintiff's constitutional rights that would give rise to a cause of action.

**ANSWER TO PARTIES**

4. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 4 of the Third Amended Complaint and therefore denies the same.

5. Defendant County admits that Jay Armbrister is a natural person and the duly elected Sheriff of Douglas County, Kansas, but denies the rest and remainder of the averments contained in paragraph 5 of the Third Amended Complaint.

6. Defendant County admits that Tyler Kruzel is a deputy Sheriff with the Douglas County Sheriff's Department, but denies the denies the rest and remainder of the averments contained in paragraph 6 of the Third Amended Complaint.

7. Jimmy Wold has been dismissed from the instant suit (Doc. 116) and therefore no response is required as to paragraph 7 of the Third Amended Complaint.

8. Sarah Plinsky has been dismissed from the instant suit (Doc. 116) and therefore no response is required as to paragraph 8 of the Third Amended Complaint.

9. Defendant County admits that it is the policymaking entity for Douglas County Kansas pursuant to K.S.A. 19-101, but denies the rest and remainder of the averments contained in paragraph 9 of the Third Amended Complaint.

10. Shannon Portillo has been dismissed from the instant suit (Doc. 116) and therefore no response is required as to paragraph 10 of the Third Amended Complaint.

11. Shannon Reed has been dismissed from the instant suit (Doc. 116) and therefore no response is required as to paragraph 11 of the Third Amended Complaint.

12. Patrick Kelly has been dismissed from the instant suit (Doc. 116) and therefore no response is required as to paragraph 12 of the Third Amended Complaint.

13. Karen Willey has been dismissed from the instant suit (Doc. 116) and therefore no response is required as to paragraph 13 of the Third Amended Complaint.

14. Defendant County admits that Kristen Channels is a Lieutenant with the Douglas County Sheriff's Department, but denies the denies the rest and remainder of the averments contained in paragraph14 of the Third Amended Complaint.

15. Defendant County admits that Chase Coleman is a deputy Sheriff with the Douglas County Sheriff's Department, but denies the denies the rest and remainder of the averments contained in paragraph 15 of the Third Amended Complaint.

**ANSWER TO FACTS**

16. Defendant County denies the averments and allegations contained in paragraph 16 of the Third Amended Complaint.

17. Defendant County denies the averments and allegations contained in paragraph 17 of the Third Amended Complaint.

18. Defendant County denies the averments and allegations contained in paragraph 18 of the Third Amended Complaint.

19. Defendant County denies the averments and allegations contained in paragraph 19 of the Third Amended Complaint.

20. Defendant County denies the averments and allegations contained in paragraph 20 of the Third Amended Complaint.

21. Defendant County denies the averments and allegations contained in paragraph 21 of the Third Amended Complaint.

22. Defendant County denies the averments and allegations contained in paragraph 22 of the Third Amended Complaint.

23. Defendant County denies the averments and allegations contained in paragraph 23 of the Third Amended Complaint.

24. Defendant County denies the averments and allegations contained in paragraph 24 of the Third Amended Complaint.

25. Defendant County denies the averments and allegations contained in paragraph 25 of the Third Amended Complaint.

26. Defendant County denies the averments and allegations contained in paragraph 26 of the Third Amended Complaint.

27. Defendant County admits the averments contained in paragraph 27 of the Third Amended Complaint, but denies that this is the entirety of the information published on its web page regarding public meetings.

28. Defendant County admits the averments contained in paragraph 28 of the Third Amended Complaint, but denies that this is the entirety of the information published on its web page regarding public meetings.

29. Defendant County admits the averments contained in paragraph 29 of the Third Amended Complaint, but denies that this is the entirety of the information published on its web page regarding public meetings.

30. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 30 of the Third Amended Complaint and therefore denies the same.

31. Defendant County denies the averments and allegations contained in paragraph 31 of the Third Amended Complaint.

32. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 32 of the Third Amended Complaint and therefore denies the same.

33. Defendant County admits the averments contained in paragraph 33 of the Third Amended Complaint.

34. Defendant County admits that Plaintiff filed as a candidate for the Douglas County Commission, but denies the rest and remainder of the allegations and averments contained in paragraph 34 of the Third Amended Complaint.

35. Defendant County admits the averments contained in paragraph 35 of the Third Amended Complaint.

36. Defendant County denies the averments and allegations contained in paragraph 36 of the Third Amended Complaint.

37. Defendant County denies the averments and allegations contained in paragraph 37 of the Third Amended Complaint.

38. Defendant County denies the averments and allegations contained in paragraph 38 of the Third Amended Complaint.

39. Defendant County denies the averments and allegations contained in paragraph 39 of the Third Amended Complaint.

40. Defendant County denies the averments and allegations contained in paragraph 40 of the Third Amended Complaint.

41. Defendant County admits the averments contained in paragraph 41 of the Third Amended Complaint.

42. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 42 of the Third Amended Complaint and therefore denies the same.

43. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 43 of the Third Amended Complaint and therefore denies the same.

44. Defendant County denies the averments and allegations contained in paragraph 40 of the Third Amended Complaint.

45. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 45 of the Third Amended Complaint and therefore denies the same.

46. Defendant County denies the averments and allegations contained in paragraph 46 of the Third Amended Complaint.

47. Defendant County denies the averments and allegations contained in paragraph 47 of the Third Amended Complaint.

48. Defendant County denies the averments and allegations contained in paragraph 48 of the Third Amended Complaint.

49. Defendant County denies the averments and allegations contained in paragraph 49 of the Third Amended Complaint.

50. Defendant County denies the averments and allegations contained in paragraph 50 of the Third Amended Complaint.

51. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 51 of the Third Amended Complaint and therefore denies the same.

52. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 52 of the Third Amended Complaint and therefore denies the same.

53. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 53 of the Third Amended Complaint and therefore denies the same.

54. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 54 of the Third Amended Complaint and therefore denies the same.

55. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 55 of the Third Amended Complaint and therefore denies the same.

56. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 56 of the Third Amended Complaint and therefore denies the same.

57. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 57 of the Third Amended Complaint and therefore denies the same.

58. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 58 of the Third Amended Complaint and therefore denies the same.

59. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 59 of the Third Amended Complaint and therefore denies the same.

60. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 60 of the Third Amended Complaint and therefore denies the same.

61. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 61 of the Third Amended Complaint and therefore denies the same.

62. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 62 of the Third Amended Complaint and therefore denies the same.

63. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 63 of the Third Amended Complaint and therefore denies the same.

64. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 64 of the Third Amended Complaint and therefore denies the same.

65. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 65 of the Third Amended Complaint and therefore denies the same.

66. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 66 of the Third Amended Complaint and therefore denies the same.

67. Defendant County denies the averments and allegations contained in paragraph 67 of the Third Amended Complaint.

68. Defendant County denies the averments and allegations contained in paragraph 68 of the Third Amended Complaint.

69. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 69 of the Third Amended Complaint and therefore denies the same.

70. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 70 of the Third Amended Complaint and therefore denies the same.

71. Defendant County admits the averments contained in paragraph 71 of the Third Amended Complaint.

72. Defendant County admits that Plaintiff's microphone was turned off during the May 11, 2022 meeting, but denies the rest and remainder of the averments and allegations contained in paragraph 72 of the Third Amended Complaint.

73. Defendant County denies the allegations and averments contained in paragraph 73 of the Third Amended Complaint.

74. Defendant Count admits that Plaintiff's actions led to his removal from the May 11, 2022 meeting, but denies the rest and remainder of the allegations and averments contained in paragraph 74 of the Third Amended Complaint.

75. Defendant County admits that its Commission meetings are broadcast on YouTube, but denies the rest and remainder of the allegations and averments contained in paragraph 75 of the Third Amended Complaint.

76. Defendant Count admits the averments contained in paragraph 76 of the Third Amended Complaint.

77. Defendant County denies the allegations and averments contained in paragraph 77 of the Third Amended Complaint.

78. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 78 of the Third Amended Complaint and therefore denies the same.

79. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 79 of the Third Amended Complaint and therefore denies the same.

80. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 80 of the Third Amended Complaint and therefore denies the same.

81. Defendant County denies the allegations and averments contained in paragraph 81 of the Third Amended Complaint.

82. Defendant County denies the allegations and averments contained in paragraph 82 of the Third Amended Complaint.

83. Defendant County admits the averments contained in paragraph 83 of the Third Amended Complaint.

84. Defendant County admits that paragraph 84 contains selective portions of the March 29, 2023, but affirmatively states that Plaintiff has taken statements out of context and omitted others. The meeting minutes are the accurate reflection of the contents of the meeting.

85. Defendant County admits the averments contained in paragraph 85 of the Third Amended Complaint and affirmatively states that no such vote is or was required.

86. Defendant County denies the allegations and averments contained in paragraph 86 of the Third Amended Complaint.

87. Defendant County denies the allegations and averments contained in paragraph 87 of the Third Amended Complaint.

88. Defendant County denies the allegations and averments contained in paragraph 88 of the Third Amended Complaint.

89. Defendant County admits that paragraph 89 of the Third Amended Complaint contains part of the general public comment policy, but denies the rest and remainder of the allegations and averments contained in paragraph 89 of the Third Amended Complaint. Defendant County affirmatively states that the minutes of the April 3, 2024 meeting are the best evidence.

90. Defendant County admits that Plaintiff carried a sign, but is without sufficient information to admit or deny the rest and remainder of the allegations or averments contained in paragraph 90 of the Third Amended Complaint and therefore denies the same.

91. Defendant County denies the allegations and averments contained in paragraph 91 of the Third Amended Complaint.

92. Defendant County denies the allegations and averments contained in paragraph 92 of the Third Amended Complaint.

93. Defendant County denies the allegations and averments contained in paragraph 93 of the Third Amended Complaint.

94. Defendant County denies the allegations and averments contained in paragraph 94 of the Third Amended Complaint.

95. Defendant County denies the allegations and averments contained in paragraph 95 of the Third Amended Complaint.

96. Defendant County denies the allegations and averments contained in paragraph 96 of the Third Amended Complaint.

**ANSWER TO FIRST CAUSE OF ACTION**
**(Right to Petition)**

97. In response to paragraph 97 of the Third Amended Complaint, Defendant County incorporates by reference its responses to paragraphs 1 through 96 of the Third Amended Complaint as if fully set forth herein.

98. Defendant County denies the allegations and averments contained in paragraph 98 of the Third Amended Complaint.

99. Defendant County denies the allegations and averments contained in paragraph 99 of the Third Amended Complaint.

100. Defendant County denies the allegations and averments contained in paragraph 100 of the Third Amended Complaint.

101. Defendant County denies the allegations and averments contained in paragraph 101 of the Third Amended Complaint.

102. Defendant County denies the allegations and averments contained in paragraph 102 of the Third Amended Complaint.

## ANSWER TO SECOND CAUSE OF ACTION
### (Violation of Plaintiff's First Amendment Right to Freedom of Speech)

103. In response to paragraph 103 of the Third Amended Complaint, Defendant County incorporates by reference its responses to paragraphs 1 through 102 of the Third Amended Complaint as if fully set forth herein.

104. Defendant County denies the allegations and averments contained in paragraph 104 of the Third Amended Complaint.

105. Defendant County denies the allegations and averments contained in paragraph 105 of the Third Amended Complaint.

106. Defendant County denies the allegations and averments contained in paragraph 106 of the Third Amended Complaint.

107. Defendant County denies the allegations and averments contained in paragraph 107 of the Third Amended Complaint.

108. Defendant County denies the allegations and averments contained in paragraph 108 of the Third Amended Complaint.

109. Defendant County denies the allegations and averments contained in paragraph 109 of the Third Amended Complaint.

110. Defendant County denies the allegations and averments contained in paragraph 110 of the Third Amended Complaint.

111. Defendant County denies the allegations and averments contained in paragraph 111 of the Third Amended Complaint.

112. Defendant County denies the allegations and averments contained in paragraph 112 of the Third Amended Complaint.

113. Defendant County denies the allegations and averments contained in paragraph 113 of the Third Amended Complaint.

114. Defendant County denies the allegations and averments contained in paragraph 114 of the Third Amended Complaint.

115. Defendant County denies the allegations and averments contained in paragraph 115 of the Third Amended Complaint.

116. Defendant County denies the allegations and averments contained in paragraph 116 of the Third Amended Complaint.

117. Defendant County denies the allegations and averments contained in paragraph 117 of the Third Amended Complaint.

118. Defendant County denies the allegations and averments contained in paragraph 118 of the Third Amended Complaint.

119. Defendant County denies the allegations and averments contained in paragraph 119 of the Third Amended Complaint.

120. Defendant County denies the allegations and averments contained in paragraph 120 of the Third Amended Complaint.

121. Defendant County denies the allegations and averments contained in paragraph 121 of the Third Amended Complaint.

122. Defendant County denies the allegations and averments contained in paragraph 122 of the Third Amended Complaint.

123. Defendant County denies the allegations and averments contained in paragraph 123 of the Third Amended Complaint.

## ANSWER TO THIRD CAUSE OF ACTION
**(Violation of Plaintiff's First Amendment Right to Freedom of Speech - Retaliation)**

124. In response to paragraph 124 of the Third Amended Complaint, Defendant County incorporates by reference its responses to paragraphs 1 through 123 of the Third Amended Complaint as if fully set forth herein.

125. Defendant County denies the allegations and averments contained in paragraph 125 of the Third Amended Complaint.

126. Defendant County denies the allegations and averments contained in paragraph 126 of the Third Amended Complaint.

127. Defendant County denies the allegations and averments contained in paragraph 127 of the Third Amended Complaint.

128. Defendant County denies the allegations and averments contained in paragraph 128 of the Third Amended Complaint.

129. Defendant County denies the allegations and averments contained in paragraph 129 of the Third Amended Complaint.

130. Defendant County denies the allegations and averments contained in paragraph 130 of the Third Amended Complaint.

131. Defendant County denies the allegations and averments contained in paragraph 131 of the Third Amended Complaint.

132. Defendant County denies the allegations and averments contained in paragraph 132 of the Third Amended Complaint.

133. Defendant County denies the allegations and averments contained in paragraph 133 of the Third Amended Complaint.

134. Defendant County admits the averments contained in paragraph 134 of the Third Amended Complaint.

135. Defendant County denies the allegations and averments contained in paragraph 135 of the Third Amended Complaint.

136. Defendant County denies the allegations and averments contained in paragraph 136 of the Third Amended Complaint.

137. Defendant County denies the allegations and averments contained in paragraph 137 of the Third Amended Complaint.

138. Defendant County denies the allegations and averments contained in paragraph 138 of the Third Amended Complaint.

139. Defendant County denies the allegations and averments contained in paragraph 139 of the Third Amended Complaint.

## ANSWER TO FOURTH CAUSE OF ACTION
### (Violation of Plaintiff's Equal Protection Rights)

140. In response to paragraph 140 of the Third Amended Complaint, Defendant County incorporates by reference its responses to paragraphs 1 through 139 of the Third Amended Complaint as if fully set forth herein.

141. Based upon this Court's Order, Doc. 116, the claims asserted in Count IV have been dismissed from this suit and therefore no response is required from Defendant County. If a response is deemed required, Defendant County denies each and every averment and allegation contained in paragraphs 141 – 180 of the Third Amended Complaint.

## ANSWER TO FIFTH CAUSE OF ACTION
### (Declaratory and Injunctive Relief As Applied)

142. In response to paragraph 181 of the Third Amended Complaint, Defendant County incorporates by reference its responses to paragraphs 1 through 180 of the Third Amended Complaint as if fully set forth herein.

143. Based upon this Court's Order, Doc. 116, the claims asserted in Count V have been dismissed from this suit and therefore no response is required from Defendant County. If a response is deemed required, Defendant County denies each and every averment and allegation contained in paragraphs 182 - 190 of the Third Amended Complaint.

## ANSWER TO SIXTH CAUSE OF ACTION
### (Declaratory and Injunctive Relief Facial Challenge)

144. In response to paragraph 191 of the Third Amended Complaint, Defendant County incorporates by reference its responses to paragraphs 1 through 190 of the Third Amended Complaint as if fully set forth herein.

145. Based upon this Court's Order, Doc. 116, the claims asserted in Count VI have been dismissed from this suit and therefore no response is required from Defendant County. If a response is deemed required, Defendant County denies each and every averment and allegation contained in paragraphs 192 - 212 of the Third Amended Complaint.

## ANSWER TO SEVENTH CAUSE OF ACTION
### (Violation of Amendment I: Free Exercise Clause)

146. In response to paragraph 213 of the Third Amended Complaint, Defendant County incorporates by reference its responses to paragraphs 1 through 212 of the Third Amended Complaint as if fully set forth herein.

147. Defendant County denies the allegations and averments contained in paragraph 214 of the Third Amended Complaint.

148. Defendant County is without sufficient knowledge or information to admit or deny the averments contained in paragraph 215 of the Third Amended Complaint and therefore denies the same.

149. Defendant County denies the allegations and averments contained in paragraph 216 of the Third Amended Complaint.

150. Defendant County denies the allegations and averments contained in paragraph 217 of the Third Amended Complaint.

151. Defendant County denies the allegations and averments contained in paragraph 218 of the Third Amended Complaint.

152. Defendant County denies the allegations and averments contained in paragraph 219 of the Third Amended Complaint.

153. Defendant County denies the allegations and averments contained in paragraph 220 of the Third Amended Complaint.

154. Defendant County denies the allegations and averments contained in paragraph 221 of the Third Amended Complaint.

155. Defendant County denies the allegations and averments contained in paragraph 222 of the Third Amended Complaint.

156. Defendant County denies the allegations and averments contained in paragraph 223 of the Third Amended Complaint.

157. Defendant County denies the allegations and averments contained in paragraph 224 of the Third Amended Complaint.

158. Defendant County denies the allegations and averments contained in paragraph 225 of the Third Amended Complaint.

159. Defendant County denies the allegations and averments contained in paragraph 226 of the Third Amended Complaint.

160. Defendant County denies the allegations and averments contained in paragraph 227 of the Third Amended Complaint.

**ANSWER TO EIGHTH CAUSE OF ACTION**
**(Retaliation and Retaliatory Arrest)**

161. In response to paragraph 228 of the Third Amended Complaint, Defendant County incorporates by reference its responses to paragraphs 1 through 127 of the Third Amended Complaint as if fully set forth herein.

162. Based upon this Court's Order, Doc. 116, the claims asserted in Count VIII have been dismissed from this suit and therefore no response is required from Defendant County. If a response is deemed required, Defendant County denies each and every averment and allegation contained in paragraphs 229 - 302 of the Third Amended Complaint.

## ANSWER TO NINTH CAUSE OF ACTION
### (Unlawful Arrest and Failure to Intervene)

163. In response to paragraph 304 of the Third Amended Complaint, Defendant County incorporates by reference its responses to paragraphs 1 through 302 of the Third Amended Complaint as if fully set forth herein.

164. The claims asserted in Count IX, inclusive of paragraphs 305 – 314 do not state a cause of action against Defendant County and therefore no response is required. If a response is deemed required, Defendant County denies each and every averment and allegation contained in paragraphs 305 – 314 of the Third Amended Complaint.

## ANSWER TO TENTH CAUSE OF ACTION
### (Malicious Prosecution)

165. In response to paragraph 315 of the Third Amended Complaint, Defendant County incorporates by reference its responses to paragraphs 1 through 314 of the Third Amended Complaint as if fully set forth herein.

166. Based upon this Court's Order, Doc. 116, the claims asserted in Count X do not state a cause of action against Defendant County, have been dismissed from this suit and therefore no response is required from Defendant County. If a response is deemed required, Defendant County denies each and every averment and allegation contained in paragraphs 316 - 323 of the Third Amended Complaint.

## ANSWER TO PRAYER FOR RELIEF

167. Defendant County denies Plaintiff's entitlement to relief requested in paragraph 324 of the Third Amended Complaint.

168. Defendant County denies Plaintiff's entitlement to relief requested in paragraph 325 of the Third Amended Complaint and specifically denies any claim for punitive damages and interest as they are not recoverable against a governmental entity.

169. Defendant County denies Plaintiff's entitlement to relief requested in paragraph 326 of the Third Amended Complaint and that the individual defendants were dismissed pursuant to this Court's Order in Doc. 116.

170. Defendant County denies Plaintiff's entitlement to relief requested in paragraph 327 of the Third Amended Complaint and that the individual defendants were dismissed pursuant to this Court's Order in Doc. 116.

171. Defendant County denies Plaintiff's entitlement to relief requested in paragraph 328 of the Third Amended Complaint and that the individual defendants were dismissed pursuant to this Court's Order in Doc. 116.

172. Defendant County denies Plaintiff's entitlement to relief requested in paragraph 396 of the Third Amended Complaint and that the individual defendants were dismissed pursuant to this Court's Order in Doc. 116.

173. Defendant County specifically denies Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph sections A – K.

## **AFFIRMATIVE DEFENSES AND OTHER RESPONSES**

174. Further answering, Defendant County specifically denies each and every allegation and legal conclusion not specifically admitted herein.

175. Plaintiff's Third Amended Complaint fails to state facts sufficient to constitute any cause of action against Defendant County and fails to state a claim upon which relief may be granted against them so that the same should be dismissed at plaintiff's costs.

176. Plaintiff's Third Amended Complaint fails to state a claim against Defendant County because the Douglas County Commission meetings Plaintiff attended are properly characterized as "limited public forums" and the Commissioners were allowed to promulgate policies that place reasonable restrictions on speech.

177. Plaintiff's Third Amended Complaint fails to state a claim against Defendant County because its public comment policies are constitutional and in promulgating and enforcing those polices Defendant County did not violate Plaintiff's First Amendment rights.

178. Plaintiff's Third Amended Complaint fails to state a claim against Defendant County because Plaintiff fails to plead any facts to support a cause of action for a violation of the Free Exercise Clause based on categorical exclusion from an otherwise available governmental benefit.

179. Plaintiff fails to establish a Constitutional violation as required under *Monell* and does not set forth any policy or custom that caused a purported constitutional violation.

180. To the extent Plaintiff's constitutional challenges to the County's public comment policies remain, the same fail as a matter of law because persons of ordinary intelligence would reasonably understand what conduct is prohibited by the policies, and the policies do not encourage arbitrary and discriminatory enforcement. The policies were applied in a content and viewpoint neutral manner and Plaintiff's as-applied challenge also fails as a matter of law.

181. Plaintiff's damages, if any, are not of the nature and extent alleged.

182. Plaintiff's damages, if any, are limited by his failure to mitigate them.

183. Plaintiff is not entitled to pre- or post- judgment interest or punitive damages against Defendant County.

184. Defendant County reserve the right to assert any and all affirmative defenses made known to them during discovery and to adopt any and all affirmative defenses asserted by any other Defendant.

185. After additional discovery has been obtained in this case, Defendant County may ask the Court for leave to amend its Answer to allege any additional defenses that may be revealed during the course of discovery or at trial.

WHEREFORE, Defendant County prays that Plaintiff take nothing by his Third Amended Complaint, that it be awarded costs and attorneys' fees pursuant to 42 U.S.C. § 1988, and for such other and further relief this Court deems just and proper.

Respectfully submitted,

HINKLE LAW FIRM LLC
8711 Penrose Lane, Suite 400
Lenexa, Kansas 66219-8197
913-345-9205/ FAX: 913-345-4832


By:   /s/  Michelle R. Stewart
    Michelle R. Stewart, mstewart@hinklaw.com   #19260
    Ashley Jarmer, ajarmer@hinklaw.com   #24722

ATTORNEYS FOR DEFENDANTS
DOUGLAS COUNTY, KANSAS BOARD OF COUNTY COMMISSIONERS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 5 day of March, 2025, the foregoing *Defendant The Douglas County, Kansas Board Of County Commissioners' Answer To Third Amended Complaint* was filed electronically with the Clerk of the US District Court for the District of Kansas; and a copy was served via ECF electronic notification and via email upon the following:

Linus L. Baker, #18197 (linusbaker@prodigy.net)
6732 West 185th Terrace
Stilwell, KS 66085-8922
913-486-3913 / Fax 913-232-8734
*Attorneys for Plaintiff*

Michael K. Seck (mseck@fpsslaw.com)
Connor M. Russo, #29826 (crusso@fpsslaw.com)
Andrew D. Holder, #25456 (aholder@fpsslaw.com)
FISHER PATTERSON SAYLER & SMITH, LLP
*Attorneys for Defendant Jay Armbristser*
*Tyler Kruzel, Jimmy Wold,*
*Kristen Channels, and Chase Coleman*

           /s/  Michelle R. Stewart
ATTORNEYS FOR DEFENDANTS
DOUGLAS COUNTY, KANSAS BOARD OF COUNTY COMMISSIONERS