IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JUSTIN SPIEHS,<br>Plaintiff,<br><br>v.<br><br>JAY ARBRUSTER, *et. al.*<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 24-CV-4005 |

**DEFENDANT DOUGLAS COUNTY, KANSAS BOARD OF COUNTY COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendant Douglas County, Kansas Board of County Commissioners ("the Commission"), by and through its counsel of record, and pursuant to Fed.R.Civ.P. 56, hereby moves the Court for Summary Judgment as to all claims brought by Plaintiff.

Plaintiff asserts the following claims against the Commission for alleged violations of his First Amendment rights: right to petition (Count I), free-speech discrimination (Count II), free-speech retaliation (Count III), an as-applied challenge to the public-comment policies for content and viewpoint discrimination (Count V)[1], a facial challenge to the policies for content and viewpoint discrimination (Count VI), and unconstitutional conditions (Count VII).

As discussed fully in the Memorandum in Support filed concurrently herewith, there are no controverted issues of material fact and Plaintiff's claims fail as a matter of law. The claims all arise out of the Commission's enforcement of its public comment policies against Plaintiff during its public meetings. Plaintiff's constitutional challenges to the Commission's public comment policies fail as a matter of law because the policies were applied in a reasonable and content and viewpoint neutral manner. Even if strict scrutiny applies, the Commission's public comment

[1] In the Pretrial Order (Doc. 142), Plaintiff appears to state an "as applied" challenge to the Commission's enforcement of its public comment policies. However, that claim was dismissed by this Court in its Memorandum and Order (Doc. 116) on the Commission's Motion to Dismiss. (Doc. 116, p. 34-35).

policies survive the heightened scrutiny as they are narrowly tailored to advance the Commission's interest in running orderly and efficient meetings. Similarly, the muting of Plaintiff's microphone and removal from meetings was based on his disruptive conduct and violation of the public comment policies, not for engaging in constitutionally protected activity and his retaliation claim fails as a matter of law.

WHEREFORE, Defendant Douglas County, Kansas Board of County Commissioners, respectfully requests that the Court enter an Order granting summary judgment, dismissing Plaintiff's claims with prejudice, and for any other relief this Court deems just and proper.

Respectfully submitted,

HINKLE LAW FIRM LLC
8711 Penrose Lane, Suite 400
Lenexa, Kansas 66219-8197
913-345-9205/ FAX: 913-345-4832

By: */s/Michelle R. Stewart*
Michelle R. Stewart, mstewart@hinklaw.com #19260

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23st day of January, 2026, the foregoing *Defendant Douglas County, Kansas Board of County Commissioner's Motion for Summary Judgment* was filed electronically with the Clerk of the US District Court for the District of Kansas; and a copy was served via ECF electronic notification and via email upon the following:

Linus L. Baker, #18197 (linusbaker@prodigy.net)
*Attorneys for Plaintiff*

Andrew Holder, #25456 (aholder@fpsslaw.com)
Fisher Patterson Sayler & Smith, LLP
*Attorneys for Defendant Jay Armbristser*

*/s/ Michelle R. Stewart*
ATTORNEYS FOR DEFENDANT DOUGLAS COUNTY, KANSAS BOARD OF COUNTY COMMISSIONERS