IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JUSTIN SPIEHS,<br><br>Plaintiff,<br><br>v.<br><br>JAY ARBRUSTER, *et. al.*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 24-CV-4005 |

**AFFIDAVIT OF SARAH PLINSKY**

STATE OF KANSAS )
) SS:
COUNTY OF DOUGLAS )

I, Sarah Plinsky, of lawful age, being first dully sworn state as follows:

1. I am over the age of 18 years of age, of sound mind, and otherwise competent to testify and make this Affidavit. I make this Affidavit based upon my personal knowledge of the facts herein stated, unless otherwise indicated.

2. I am the County Administrator for Douglas County, Kansas. My duties include providing administrative support to the Douglas County Commission to ensure that the County is effectively and efficiently managed and governed.

3. Douglas County typically hosts Douglas County Commission public meetings on Wednesday evenings, commencing at 5:30 p.m. in the building that offices the "Commission Board, Douglas County Administrator, the Appraiser, County Clerk, Treasurer, and Douglas County Register of Deeds" located at 1100 Massachusetts Street, Lawrence, Kansas. The meetings are also available on Zoom.

4. The purpose of the public meetings is to pursue and to conduct business relevant to Douglas County and to ensure effective governance and professional administration.



EXHIBIT K

5. At the public meetings, agenda items are deliberated upon and ultimately voted on by the Commissioners.

6. On occasion—and at the discretion of the Douglas County Commission—the general public may provide general comments on specific items contained in the agenda for that particular meeting. The general public may provide such comments orally or in writing.

7. On occasion—and at the discretion of the Douglas County Commission—the general public may provide general comments on items not scheduled for discussion on any agenda prepared for that meeting. If a person provides general comments on an item not scheduled on the agenda, the comments should be limited to issues and items germane to the business of the Douglas County Commission.

8. General comments on items on the agenda and items germane to the business of the Douglas County Commission are limited to three minutes.

9. The purpose for allowing general public comments on items not scheduled on the agenda is to provide constituents an opportunity to comment and voice their opinions on topics relevant to the Douglas County Commission.

10. The Douglas County Commission uses general public comment to gather concerns, opinions, and issues from their constituents so the Douglas County Commission can continue to effectively govern Douglas County.

11. The Douglas County Commission allows for general public comments to provide an opportunity for constituents to present information and to share their views to the Douglas County Commission on items relevant to the Commission but not specifically scheduled on the agenda.



**EXHIBIT 1**

12. All Douglas County Commission meetings are open to the public in order to ensure equity, transparency, and efficiency.

13. When public meetings are not being conducted, the general public is not permitted to enter the Commission Chamber located in the historic Courthouse unless a staff member allows access upon request.

14. The policies and procedures for public comment are announced at the beginning of each Commission meeting.

15. The policies and procedures for public comment have been implemented by the Douglas County Commission for the purpose of ensuring that public meetings are run efficiently and effectively.

16. At the beginning of each public meeting, the germane and decorum standards that govern public meetings are read aloud to the public in attendance.

17. During public meetings, the Douglas County Commission reserves the right to mute or remove any speaker who violates the germane and decorum standards.

18. The public comment policy was read at the beginning of the Douglas County Commission Meeting on August 25, 2021, stating, "the County reserves the right to shut off the microphone and remove any speaker from a meeting if they are vulgar, rude, or inappropriate."

19. A true and accurate copy of the official YouTube recording of the August 25, 2021 Douglas County Commission Meeting is attached as Exhibit A to this Affidavit and the public comment policy was read to the public at time stamp 0:50-1:10.

20. On May 11, 2022, the Douglas County Commission restricted campaigning for public office during the public comment period and required the public comment be related to the

general business of the Douglas County Commission to ensure that the public meetings are run efficiently and effectively.

21. A true and accurate copy of the official YouTube recording of the May 11, 2022 Douglas County Commission Meeting is attached as Exhibit B to this Affidavit and the public comment policy was read to the public at time stamp 0:00 – 1:45.

22. On April 3, 2024, the Douglas County Commissioners read the public comment policy at the beginning of the public County Commission meeting.

23. A true and accurate copy of the official YouTube recording of the April 3, 2024 Douglas County Commission Meeting is attached as Exhibit C to this Affidavit and the public comment policy was read to the public at time stamp 1:56 – 2:53.

24. On April 17, 2024, the Douglas County Commissioners read the public comment policy at the beginning of the public County Commission meeting.

25. A true and accurate copy of the official YouTube recording of the April 17, 2024 Douglas County Commission Meeting is attached as Exhibit D to this Affidavit and the public comment policy was read to the public at time stamp 0:28 – 1:40.

26. On May 1, 2024, the Douglas County Commissioners read the public comment policy at the beginning of the public County Commission meeting.

27. A true and accurate copy of the official YouTube recording of the May 1, 2024 Douglas County Commission Meeting is attached as Exhibit E to this Affidavit and the public comment policy was read to the public at time stamp 3:11 – 4:54.

28. On May 1, 2024, I attended the Douglas County Commission meeting to perform my job duties.

29. On May 1, 2024, the Douglas County Commission meeting was held at the Douglas County Public Works Building-Training Room, located at 3755 E. 25th Street, Lawrence, Kansas, and I was seated at the front of the room at a table for Douglas County Staff separate from the seating for the public who attend the meeting.

30. On May 1, 2024, during the Douglas County Commission meeting, Justin Spiehs stood at the front of the room closely to me and the rest of the staff meeting holding a poster that said, "WOMEN HAVE MORE BALLS THAN PATRICK TOO." Mr. Spiehs was not standing in the area designated for the public to sit or stand in, and he was standing in a walkway.

31. On May 1, 2024, during the Douglas County Commission meeting, Mr. Spiehs stood extremely close to another female Douglas County staff member who was seated at the table. The staff member told me that she was uncomfortable with the proximity of Mr. Spiehs. Additionally, the staff member expressed that she was distracted from her job duties and feared for her safety because Mr. Spiehs standing closely to her.

32. In response to the staff member's concern, I asked a Douglas Couty Sheriff's Deputy to stand between Mr. Spiehs and the staff member.

33. On May 1, 2024, during the Douglas County Commission meeting, I informed the Douglas County Commissioners that Mr. Spiehs' proximity to Douglas County Staff was intimidating staff members and distracting staff members from their job duties.

34. On May 1, 2024, during the Douglas County Commission meeting, Commissioner Reid asked Mr. Spiehs to move away from the table for staff members or stand next to the wall away from staff and to allow traffic flow for people who engage in public comment to exit. Mr. Spiehs refused to move.



EXHIBIT 1

35. On May 1, 2024, during the Douglas County Commission meeting, Because Mr. Spiehs refused to move away from City staff after Commissioner Reid's direction, I exchanged seats with Douglas County Staff Members seated at the staff table so that I was seated closest to Mr. Spiehs.

36. At this point in the May 1, 2024 Douglas County Commission meeting, Commission Chair Willey asked Deputies to assist with Mr. Spiehs, and I asked a Deputy to stand between myself and Mr. Spiehs.

37. On May 1, 2024, during the Douglas County Commission meeting, the Douglas County Commission repeatedly requested that Mr. Spiehs move back towards the wall away from Douglas County Staff and the traffic way. Mr. Spiehs continued to refuse to move.

38. On May 1, 2024, while the Douglas County Commission meeting was in recess, Commission Chair Willey asked Deputies to remove Mr. Spiehs from the meeting. At that time, I exited the building, along with Douglas County Counselor John Bullock, and met with DGSO Deputies Coleman, Channel, and Favre. I told the deputies that Spiehs was causing a disturbance and needed to be removed. Specifically, I told the deputies that Spiehs was blocking the access path and standing next to the staff table, which made staff feel threatened, and that I had already moved one staff member who felt uncomfortable with Spiehs standing so close to the table. I also told the deputies that Spiehs had been asked multiple times to move away from the table and have a seat with the rest of the public audience, but he would not.

39. On May 1, 2024, the Douglas County Commission requested a deputy to remove Mr. Spiehs from the meeting because he was standing very close to Douglas County Staff, in a traffic way, and refused to move back towards the wall. Mr. Spiehs was removed from the meeting.



EXHIBIT 1

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SARAH PLINSKY

SUBSCRIBED and SWORN before me this 21 day of January, 2026.

NOTARY PUBLIC - State of Kansas
ROBIN M. CRABTREE
My Appt. Exp. 1/6/2029

Notary Public

My Commission Expires: 1/6/2029



EXHIBIT 1